OPINION
{¶ 1} Appellant, William B. Bazil, III, appeals from a judgment of the Trumbull County Court of Common Pleas, ordering him to return to the Lorain Correctional Institution ("Lorain") to complete his original two-year sentence upon the trial court's revocation of his judicial release. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On November 23, 1999, appellant committed acts which resulted in charges brought against him in the Trumbull County Court of Common Pleas for felonious assault, a first degree felony, in violation of R.C. 2903.11, and failure to comply with an order or signal of a police officer, a third degree felony, in violation of R.C. 2921.331(B) and (C)(5)(a)(ii).[1]
Appellant was also charged with three misdemeanors apparently arising from the same occurrence, but these are not relevant to the instant matter and will not be discussed.[2]
 {¶ 3} On November 24, 1999, appellant appeared, waived a preliminary hearing, and pleaded not guilty to the charges of felonious assault and failure to comply with an order or signal of a police officer. On November 29, 1999, appellant was released on a $14,500 personal recognizance bond, inclusive of all charges including the misdemeanors.
 {¶ 4} Appellant was bound over to a grand jury on the felonies and indicted for failure to comply with an order or signal of a police officer on January 21, 2000. The grand jury returned a no bill as to the felonious assault charge. Appellant was arraigned on January 28, 2000, and he entered a not guilty plea, which the trial court accepted.
 {¶ 5} On April 18, 2000, appellant withdrew his not guilty plea and entered a guilty plea to the charge set forth in the indictment. The court accepted the plea. The trial court held a sentencing hearing that same day. Appellant has not made the transcript of that sentencing hearing a part of the record. According to a judgment entry, dated June 26,
 {¶ 6} 2000, but time-stamped July 14, 2000, the trial court "* * * considered the record, oral statements, and any victim impact statement, as well as the principles and purposes of sentencing under O.R.C. 2929.11 and * * * balanced the seriousness and recidivism factors of O.R.C. 2929.12." The trial court stated that it found that appellant had a history of criminal convictions. Thus, the trial court found "* * * that prison is consistent with the purposes of R.C. Section 2929.12, and that [appellant] is not amenable to any available community control sanctions."
 {¶ 7} Consequently, the trial court ordered that appellant serve a two-year prison sentence "to run concurrent to the Portage County Court Case No. 99-CR-0327, none of which is a mandatory prison term pursuant to [R.C.] 2929.13(F). * * * The Court has further notified [appellant] that post release control is optional in this case up to a maximum of 3 years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code Section 2967.28. [Appellant] is Ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control."[3]
 {¶ 8} The trial court also noted in this judgment entry that appellant should be credited for time served "in the Trumbull County Jail pursuant to these charges [from] November 23, 1999 to November 24, 1999; and April 17, 2000 to June 15, 2000."
 {¶ 9} Although the facts are unknown in the instant matter, on March 24, 2000, the Portage County Court of Common Pleas convicted appellant of felonious assault, a second degree felony, in violation of R.C. 2903.11(A)(2), and sentenced him to two years of imprisonment. This was case number 99 CR 0327.
 {¶ 10} Upon appellant's December 14, 2001 motion, the Trumbull County Court of Common Pleas granted appellant judicial release on January 17, 2002, as to his sentence for failure to comply with an order or signal of a police officer.[4] The trial court placed appellant on five years community control with the special condition that he abstain from alcohol and drugs.
 {¶ 11} On December 28, 2002, appellant was arrested for driving under the influence ("DUI") in Parma, Ohio. Appellant was convicted of such on January 6, 2003, in the Parma Municipal Court.
 {¶ 12} The Trumbull County Adult Probation Department filed a probation violation as a result of appellant's DUI conviction. Appellant waived his right to a probable cause hearing and appeared on March 25, 2003, for a hearing on the probation violation.
 {¶ 13} Probation Officer Sandra L. Palumbo ("Ms. Palumbo") told the trial court that the January 6, 2003 conviction was appellant's second DUI conviction since being granted judicial release; appellant's counsel agreed. The trial court found on the record that appellant was guilty of the violation.
 {¶ 14} Ms. Palumbo recommended that appellant return to Lorain to serve the balance of his Trumbull County sentence, which amounted to forty-nine days according to appellant's calculation. Appellant objected, arguing that the Portage County trial court had sent appellant back to Lorain for four months for a violation of appellant's Portage County judicial release. Accordingly, appellant argued he had already served more than the maximum twenty-four months on his original sentence. Because the Trumbull County prison sentence was to be served concurrent with the Portage County prison sentence, appellant argued he should be given credit for any Portage County time served and should not be subject to re-incarceration.
 {¶ 15} The trial judge disagreed. The trial court judge stated, on the record, "* * * it was concurrent the first time. It was never concurrent as part of the judicial release. That separated `em back out again. As everyone knows, it's a zero tolerance on judicial release. He came out on judicial release and picked up two DUIs * * *. He knew dog gone well he was violating my probation. I am going to reimpose the balance of his sentence."
 {¶ 16} The trial court memorialized its finding of appellant's guilt and its sentence in a judgment entry, dated April 17, 2003. In the judgment entry, the trial court stated that appellant was to "serve a stated prison term of two (2) years." Appellant was credited for time served in the "Trumbull County jail from November 23 to November 24, 1999; April 17 through June 15, 2000; January 2 through January 22, 2002; and March 25 to date as well as time served in [Lorain] from June 15, 2000 through January 17, 2002." Appellant was not sentenced for the violation of his community control.
 {¶ 17} From this judgment, appellant sets forth the following assignment of error:
 {¶ 18} "[1.] The trial court erred by ordering appellant to return to prison upon revoking his judicial release."
 {¶ 19} Specifically, appellant argues that the trial court committed reversible error by revoking his judicial release and sentencing him to serve the balance of his term when the balance had already been completed as a sentence concurrent to that imposed by the Trumbull County Court of Common Pleas. Appellant thus contends the trial court sentenced him to a longer incarceration than his original sentence.
 {¶ 20} Pursuant to R.C. 2953.08, this court uses a de novo standard of review when reviewing a felony sentence. State v.Thompson, 11th Dist. No. 2001-L-222, 2002-Ohio-7151, at ¶ 7, citing State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487. "However, this court will not disturb a given sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law."Thompson at ¶ 7, citing State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 Ohio App. LEXIS 3334, at 4. Finally, we note that the trial court "* * * has discretion to determine the most effective way to comply with the purposes and principles of sentencing * * *," as set forth in R.C. 2929.11, when imposing a felony sentence. R.C. 2929.12(A).
 {¶ 21} As an initial matter, we note that appellant never made the record of his Portage County case part of the record in this matter. We have nothing in the record of the instant matter demonstrating that appellant was judicially released from his Portage County sentence, that the Portage County sentence was reinstated, or that appellant did actually complete his two-year sentence for that conviction. Regardless, we will address the merits of appellant's assignment of error. Our analysis reveals that appellant's assignment of error is not well-taken.
 {¶ 22} R.C. 2929.20 governs both the granting and revoking of judicial release. "Judicial release is akin for the former relief known as `shock probation.'" State v. Darthard, 10th Dist. Nos. 01AP-1291, 01AP-1292, and 01AP-1293, 2002-Ohio-4292, at ¶ 9, citing State v. McConnell, 143 Ohio App.3d 219, 222,2001-Ohio-2129. "When a trial court grants a qualifying offender's motion for judicial release pursuant to R.C.2929.20(I), it, in effect, suspends the balance of the terms of the originally imposed [sentences]" and places the offender under community control conditions. Darthard at ¶ 9, citingMcConnell at 223 and R.C. 2929.20(I). See, also, State v.Jackson, 12th Dist. No. CA2000-03-045, 2001 Ohio App. LEXIS 2826, at 15, (Judicial release suspends the remainder of the prison sentence.).
 {¶ 23} Coincident with the granting of judicial release, a trial court must reserve on the record a right to reimpose the original sentence on an offender when the offender violates a community control sanction. Darthard at ¶ 9, quoting State v.Evans, 4th Dist. No. 00CA003, 2000-Ohio-2025. However, we have not been furnished a transcript of the original sentencing hearing of the hearing on appellant's motion for judicial release; only the transcript for the hearing on appellant's violation of judicial release is contained within the record. Accordingly, we must presume the regularity of the original sentencing hearing and the hearing on the motion for judicial release, and we must presume that the trial court reserved on the record its right to reimpose the original sentence upon a violation by appellant of a community control sanction. See, e.g., Darthard at ¶ 10.
 {¶ 24} If the court chooses to reinstate the original sentence pursuant to this reserved right, "[b]y the clear language of R.C. 2929.20(I), the trial court's option with respect to ordering incarceration is limited to the reinstatement, with credit for time served, of the sentences that it suspended upon the granting of judicial release." Darthard
at ¶ 11, citing R.C. 2929.20(I). See, also, State v. Wiley,148 Ohio App.3d 82, 2002-Ohio-460, (reversing a trial court's judgment that increased a defendant's sentence after he violated the terms of his judicial release and did not allow credit for time previously served).
 {¶ 25} When a trial court initially imposes concurrent sentences and then grants judicial release, the court is not permitted to order the original sentences to be served consecutively upon reinstating the defendant's incarceration. For example, in State v. Harper (Dec. 3, 1999), 6th Dist. No. L-98-1194, L-98-1195, and L-98-1196, 1999 Ohio App. LEXIS 5736, at 4, the defendant "was sentenced to two concurrent one and one-half year sentences. Approximately four months after he had begun serving his sentences he was granted probation * * *. Once he was found to be in violation of probation, his sentences were increased when he was ordered to serve the remaining time consecutively." The reviewing court held that appellant's double jeopardy rights were violated. Id. at 4. A trial court can only increase an offender's "* * * prison time if the court decides to order consecutive sentence upon conviction for a new offense stemming from the violation." McConnell at 224, citing R.C.2929.20(I).
 {¶ 26} As an initial matter, we note that this matter is clearly distinguishable from Harper. In Harper, the defendant's two crimes were within the jurisdiction of one trial court. One trial court sentenced the defendant for both convictions and ordered that the sentences be served consecutively. One trial court granted judicial release as to both sentences and at the same point in time.
 {¶ 27} In this matter, appellant's convictions and sentences were under the jurisdiction of separate trial courts. The Trumbull County trial court ordered appellant to serve two years of imprisonment concurrent with a two-year prison sentence imposed by the Portage County trial court for a separate conviction. Appellant was granted judicial release as to both sentences at different times by the respective county courts. Appellant was returned to prison upon revocation of his Portage County judicial release and ordered to finish that two-year sentence. While appellant was completing his Portage County sentence, he remained under community control in Trumbull County.
 {¶ 28} The Portage County trial court only had the authority to return appellant to prison for his Portage County sentence. In doing so, the Portage County judge did not have the authority to effectively revoke appellant's Trumbull County community control and deem the time appellant spent in prison finishing his Portage sentence as time also served for the Trumbull County sentence.
 {¶ 29} In effect, while appellant had been returned to prison to complete his two-year Portage County sentence, his Trumbull County sentence was in suspension. See, e.g., Darthard at ¶ 9;Jackson at 15; McConnell at 223. Accordingly, when appellant was finishing his two years for his Portage County sentence, the remaining portion of his sentence that he was completing was not served concurrently with his Trumbull County sentence. The trial judge was correct when he stated that concurrent sentences are severed upon judicial release. Thus, appellant's Trumbull County sentence had not been completed.
 {¶ 30} Accordingly, the trial court did not sentence appellant to a longer incarceration than his original sentence, did not order consecutive sentences, and did not violate appellant's double jeopardy rights as outlined in Harper.
Interestingly, it appears as if appellant's take on this situation would violate his double jeopardy rights. If appellant's time in prison finishing his Portage County sentence were also deemed time served concurrently with appellant's Trumbull County sentence, appellant would have effectively been in prison in Lorain and under the community control of Trumbull County, at the same time, and for the same offense. Appellant's version of the law would thus violate the prohibition against double jeopardy as outlined in the Fifth andFourteenth Amendments to the United States Constitution.
 {¶ 31} Although appellant's assignment is moot, we have addressed the merits of appellant's assignment for policy reasons. In an April 17, 2003 judgment entry, the trial court ordered appellant to return to prison to complete his two-year Trumbull County sentence. Appellant was credited for time already served, and his remaining sentence amounted to forty-nine days according to appellant's own calculation. Appellant appealed that judgment on April 22, 2003. Nothing in the record indicates that appellant's sentence had been stayed pending this appeal, and appellant has actually completed his sentence at the time of this decision. Appellant's assignment of error is thus rendered moot.
 {¶ 32} In summary, appellant's sole assignment of error is without merit as it has been rendered moot. We hereby affirm the judgment of the trial court.
Ford, P.J., Rice, J., concur.
[1] The details of the actions which resulted in these charges were not made part of the record in this instant appeal.
[2] Absent in the record is any evidence of the disposition of these misdemeanor charges. Regardless, the misdemeanors are not relevant to this matter.
[3] The referenced Portage County case is a conviction for felonious assault. Although the facts are unknown in the instant matter, appellant was convicted and sentenced on March 24, 2000, in the Portage County Court of Common Pleas for felonious assault, a second degree felony, in violation of R.C.2903.11(A)(2).
[4] In appellant's brief, he states that the Trumbull County Court of Common Pleas' judicial release of appellant was concurrent with judicial release from the Portage County Court of Common Pleas. Nothing in the record supports this.