[Cite as *State v. Marshall*, 2025-Ohio-1426.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-230594 |
| | | | C-230595 |
| Plaintiff-Appellee, | : | TRIAL NOS. | B-0310326 |
| | | | B-2201497 |
| vs. | : | | |
| CHRISTOPHER MARSHALL, | : | | |
| | | *O P I N I O N* | |
| Defendant-Appellant. | : | | |


Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in C-230594; Appeal Dismissed in C-230595

Date of Judgment Entry on Appeal: April 23, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Candace Crear*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Kessler Defense LLC* and *Stephanie Kessler*, for Defendant-Appellant.

**KINSLEY, Presiding Judge.**

**{¶1}** Defendant-appellant Christopher Marshall appeals the judgment of the trial court revoking his community control and reimposing his original prison term. Marshall argues that the trial court erred in its judgment because it did not expressly inform him at the time of his earlier judicial release that he could return to prison for the remainder of his prison term if he violated his community control. But we disagree, because the trial court explicitly told Marshall that he would return to prison in the event of a community control violation. Marshall also appeals from his drug convictions, which formed the basis for his community control violation; however, Marshall does not raise any error as to those convictions. Therefore, for the reasons that follow, we affirm the trial court's judgment reimposing Marshall's original prison sentence, and we dismiss the appeal from his drug convictions.

### *Factual and Procedural History*

**{¶2}** In February 2004, a jury found Marshall guilty of five counts of second-degree burglary in the case numbered B-0310326. The trial court sentenced Marshall to five-year terms of imprisonment on each of the burglary counts, imposed consecutively, for a total of 25 years in prison.

**{¶3}** In 2020, Marshall filed a motion for judicial release. The trial court held a hearing on Marshall's motion in April 2020. The trial court announced at the hearing that it would grant Marshall's motion, but admonished Marshall that "[i]f you violate, sir, I'm sending you right back. If you are one minute late reporting to probation, you don't do any of these things I tell you, you pick up any charge at all, you're gone. You're back." Marshall indicated to the trial court that he understood.

**{¶4}** The trial court entered an order granting Marshall's motion for judicial release on September 3, 2020. The entry provided that the trial court "hereby

suspends the further execution of sentence, . . . and [t]he Defendant is placed on Community Control for 5 years[.]" The entry "also advised the Defendant that if she (sic) violates the terms and conditions of Community Control, the Court would impose a term of 40 (sic) years, to be served in the Department of Corrections."

{¶5} The trial court released Marshall from prison, but in June 2021, the State alleged that Marshall violated the terms of his community control. The trial court entered an order in July 2021 finding Marshall guilty of a community control violation and restoring and continuing Marshall's community control. The entry also noted that the trial court would impose a prison sentence of 40 years if he violated the terms of his community control.

{¶6} In June 2023, Marshall pleaded guilty to trafficking in marijuana and aggravated possession of drugs, both fifth-degree felonies, in the case numbered B-2201497. On the same day, Marshall also pleaded guilty to violating the terms of his community control in the burglary case. The trial court sentenced Marshall to concurrent 12-month prison terms on the drug charges. In the burglary case, the trial court revoked Marshall's community control and imposed the remainder of Marshall's original prison sentence. Marshall appealed both criminal cases.

{¶7} Marshall's original appellate counsel filed a no-error brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). In undertaking its independent review pursuant to *Anders*, however, this court identified the following nonfrivolous issue for appellate review:

whether under R.C. 2929.20(K) the trial court was required to expressly reserve the right to reimpose the remainder of [Marshall's] original prison term at the hearing at which it granted him judicial release and imposed a sentence of community control, and, if so, whether the trial

3

court failed to expressly reserve that right.

{¶8} This court appointed new counsel for Marshall, who has briefed the issue identified by this court.

## *Analysis*

### *A. Reimposition of Original Prison Sentence*

{¶9} In a sole assignment of error, Marshall argues that the imposition of the remainder of his original prison sentence following his community control violation is contrary to law, because the trial court failed to comply with R.C. 2929.20(K).

{¶10} R.C. 2929.20(K) provides in relevant part:

[i]f the court grants a motion for judicial release[,] the court shall order the release of the eligible offender[,] shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.

{¶11} Marshall argues that the trial court erred under R.C. 2929.20(K) because it did not expressly reserve the right to reimpose Marshall's original criminal sentence at the time of his judicial release.

{¶12} Marshall points out a split among the Ohio appellate districts as to whether a trial court must expressly reserve the right to reimpose the balance of an offender's sentence under R.C. 2929.20(K) when granting judicial release, or, whether by virtue of granting judicial release, the trial court implicitly reserves the right to reimpose the original sentence on the offender. The Fourth, Tenth, and Eleventh Districts have held that a trial court must expressly reserve the right to reimpose the balance of the offender's prison term when the trial court grants judicial release. *See*

*State v. Evans*, 2000 Ohio App. LEXIS 6311, *9-10 (4th Dist. Dec. 13, 2000); *State v. Darthard*, 2002-Ohio-4292, ¶ 9 (10th Dist.); *State v. Bazil*, 2004-Ohio-5010, ¶ 23 (11th Dist.).

**{¶13}** By contrast, the Third, Fifth, and Seventh Districts have held that a trial court implicitly reserves the right to reimpose the balance of an original prison term when granting judicial release. *See State v. Phipps*, 2021-Ohio-258, ¶ 31 (3d Dist.); *State v. Durant*, 2006-Ohio-4067, ¶ 17 (5th Dist.); *State v. Abrams*, 2016 Ohio App. LEXIS 3453, *8 (7th Dist. Aug. 24, 2016).

**{¶14}** We need not determine whether the trial court must expressly reserve the right to reimpose the balance of a prison term when granting judicial release, or whether such right is implicit, because the trial court in Marshall's case expressly reserved the right to reimpose a term of imprisonment. To that end, the trial court told Marshall at the judicial-release hearing that "[i]f you violate, sir, I'm sending you right back. If you are one minute late reporting to probation, you don't do any of these things I tell you, you pick up any charge at all, you're gone. You're back." The trial court's entry granting judicial release also informed Marshall that if he violated community control he could return to prison. Moreover, when Marshall first violated his community control in 2021, and the trial court continued Marshall's community control, the trial court again advised Marshall that he could return to prison if he violated his community control.

**{¶15}** Admittedly, the trial court's 2020 entry granting judicial release and its 2021 entry continuing community control erroneously notified Marshall that he would be faced with serving the balance of a 40-year prison term, instead of the balance of his 25-year term, if he violated community control. In doing so, however, the trial court made an obvious clerical error that did not prejudice Marshall. When the trial

5

court reimposed Marshall's original prison sentence following the revocation of his community control, the trial court properly reimposed the remainder of Marshall's original sentence, not the elevated 40-year sentence. *See State v. Taylor*, 2012-Ohio-232, ¶ 7 (1st Dist.), citing *State v. Terry*, 2011-Ohio-6666, ¶ 12 (10th Dist.) (holding that R.C. 2929.20(K) does not authorize a trial court to increase or reduce an offender's original sentence if the trial court reimposes the prison sentence).

{¶16} Therefore, because the trial court expressly reserved the right to reimpose Marshall's original criminal sentence following judicial release, we hold that the trial court properly reimposed the remainder of Marshall's prison sentence following the revocation of his community control.

{¶17} We overrule Marshall's assignment of error.

### B.  *Appeal Dismissed with regard to Drug Convictions*

{¶18} In the appeal numbered C-230595, Marshall appeals from his drug convictions entered in the case numbered B-2201497.  However, Marshall does not raise any assignments of error with respect to his drug convictions; therefore, we dismiss that appeal.

### *Conclusion*

{¶19} We affirm the judgment in the appeal numbered C-230594, and we dismiss the appeal numbered C-230595.

Judgment accordingly.

**ZAYAS** and **MOORE, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

6