ROLLINS, APPELLANT, *v.* HAVILAND, WARDEN, APPELLEE.

[Cite as *Rollins v. Haviland* (2001), 93 Ohio St.3d 590.]

(No. 01–1425—Submitted October 31, 2001—Decided November 21, 2001.)

*Per Curiam.* In July 1998, the Fulton County Court of Common Pleas convicted appellant, Mancel Rollins, Jr., of two counts of abduction, one count of aggravated assault with an accompanying firearm specification, one count of having weapons while under disability, and one count of unlawful restraint, and sentenced him to an aggregate prison term of fourteen to nineteen and one-half years. In July 2000, the Ohio Adult Parole Authority denied parole and continued Rollins's sentence until its maximum term.

In 2001, Rollins filed a petition in the Court of Appeals for Allen County for a writ of habeas corpus to compel appellee, his prison warden, to immediately release him from prison. The court of appeals dismissed the petition.

In his appeal as of right, Rollins claims that the court of appeals erred in dismissing his petition. He asserts that he is entitled to release from prison because of good-time credit earned under former R.C. 2967.19, 1994 Am.Sub.H.B. No. 571, 145 Ohio Laws, Part IV, 6437.

Rollins's claim is meritless. Former R.C. 2967.19 does not entitle him to release from prison before he serves the maximum term of his sentence. *State ex rel. Bealler v. Ohio Adult Parole Auth.* (2001), 91 Ohio St.3d 36, 36, 740 N.E.2d 1100, 1101. And he has no inherent or constitutional right to be released prior to the expiration of his sentence. *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 427, 687 N.E.2d 283, 284–285.

Based on the foregoing, Rollins is not entitled to the requested writ of habeas corpus. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

*Mancel Rollins, Jr., pro se.*

*Betty D. Montgomery*, Attorney General, and *Stuart A. Cole*, Assistant Attorney General, for appellee.