The STATE of Ohio, Appellee,

v.

DARST, Appellant.

[Cite as *State v. Darst*, 170 Ohio App.3d 482, 2007-Ohio-1151.]

Court of Appeals of Ohio,
Fifth District, Fairfield County.

No. 2006 CA 24.

Decided March 7, 2007.

David L. Landefeld, Fairfield County Prosecuting Attorney and Gregg Marx, Assistant Prosecuting Attorney, for appellee.

Thomas R. Elwing, for appellee.

---

EDWARDS, Judge.

{¶ 1} Defendant-appellant, Tracy L. Darst, appeals the April 19, 2006 judgment entry of the Fairfield County Court of Common Pleas that revoked her community control following judicial release and reimposed her sentence. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF FACTS AND LAW

{¶ 2} On March 4, 2004, appellant pleaded guilty to three counts of trafficking in crack cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(a), fourth-degree felonies, one count of possession of crack cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a fifth-degree felony, and one count of permitting drug abuse in violation of R.C. 2925.13(B), a fifth-degree felony. Appellant was sentenced to an aggregate prison term of four years and six months. Appellant was ordered to be incarcerated for nine months on the permitting-drug-abuse charge and was granted community control on four of the charges, with the remaining three years and nine months of the sentence suspended. Appellant's sentences were ordered to be served consecutively to a sentence previously imposed in an unrelated case.

{¶ 3} Appellant began serving community control on July 21, 2004, but her community control was revoked on November 10, 2004. Her original sentence of March 4, 2004, was imposed and ordered into execution, and she was returned to prison.

{¶ 4} Appellant filed a motion for judicial release on November 10, 2005. On December 23, 2005, the trial court conducted an oral hearing on appellant's motion, and on January 4, 2006, issued an entry granting judicial release to appellant.

{¶ 5} On March 21, 2006, the state filed a motion to revoke appellant's community control based upon violations of the terms of her community control. On April 14, 2006, the trial court conducted an oral hearing on the state's motion to revoke, at which time the trial court revoked appellant's community control and ordered that she serve out the remaining portion of her sentence. The appellant appeals, setting forth the following assignment of error:

{¶ 6} "The trial court erred when it imposed a prison term for appellant's violations of community control without having previously made an express reservation of the right to reimpose the original prison sentence as required by R.C. 2929.20(I)."

{¶ 7} The appellant argues that the trial court failed to reserve the right to reimpose her sentence at the December 23, 2005 judicial release hearing, and as a result was without the authority to reimpose her sentence following her violation of the terms of her community control. We disagree.

{¶ 8} R.C. 2929.20 addresses judicial release and states at subsection (I):

{¶ 9} "If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate community control conditions, and under the supervision of the department of

probation serving the court, and *shall reserve the right to reimpose the sentence that it reduced pursuant to the judicial release if the offender violates the sanction.* If the court reimposes the reduced sentence pursuant to this reserved right, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. The period of the community control sanction shall be no longer than five years. The court, in its discretion, may reduce the period of the community control sanction by the amount of time the eligible offender spent in jail for the offense and in prison. If the court made any findings pursuant to division (H)(1) of this section, the court shall serve a copy of the findings upon counsel for the parties within fifteen days after the date on which the court grants the motion for judicial release * * *." (Emphasis added.)

{¶ 10} During the December 23, 2005 judicial release hearing, the appellant testified as follows in response to questions by her attorney.

{¶ 11} "Q: You know that if the Court grants your judicial release and you have those stiff terms, that should you violate, you've got a period of time over your head, if judicial is granted; correct?

{¶ 12} "A: Yes, sir. And I will not violate. I know I will not.

{¶ 13} "Q: Do you know what your original term of sentence was?

{¶ 14} "A: It was three years, nine months.

{¶ 15} "Q: And you've served about 14 months?

{¶ 16} "A: Yes, sir.

{¶ 17} "Q: Okay. So you realize that you've got a lot at risk here.

{¶ 18} "A: Right."

{¶ 19} Appellant's counsel argued during his summary at the judicial release hearing as follows:

{¶ 20} "Your Honor, Tracy has been in jail for—or in prison for about 13 months. She has a plan. She knows that in the past, she's had a downfall. But she's had time to think about what she wants to do and where she wants to be.

{¶ 21} "* * * And she needs to make better choices. She realizes that if those choices are wrong, she has a lot at stake.

{¶ 22} "She's got another year and a half, two years left on a sentence."

{¶ 23} In its January 4, 2006 entry granting judicial release to appellant, the trial court stated: "Further the Court advised the Defendant that should he [sic] violate any terms or conditions of her community control, pursuant to Ohio Revised Code Section 2929.20(I), the Court reserves the right to reimpose the prison sentence of 12 months on Count 1, 12 months on Count 2, 12 months on

Count 3, and 9 months on Count 4." We acknowledge that this is an inaccurate statement because the trial court did not advise the appellant of this information at the December 23, 2005 hearing. However, it is clear from the record of that hearing that the appellant knew that the trial court reserved the right to impose the remainder of her original prison sentence.

{¶ 24} This court recently addressed R.C. 2929.20(I) in the case of *State v. Durant,* Stark App. No. 2005 CA 00314, 2006-Ohio-4067, 2006 WL 2257017, the facts of which are similar to the facts here. Durant had pleaded guilty in 1999 to one count each of improperly discharging a firearm at or near a habitation and one count of criminal damaging or endangering. The trial court imposed a community-control sanction. In October 2002, after stipulating to violations, the trial court revoked the community-control sanction and sentenced Durant to a three-year prison term for the improperly-discharging count and a concurrent six-month prison term on the criminal damaging or endangering count.

{¶ 25} In February 2004, the trial court granted Durant judicial release. The trial court imposed another community-control sanction. Durant once again had his community control revoked. The trial court imposed the remainder of the sentence that had been imposed in 2002.

{¶ 26} Durant appealed, arguing that the trial court erred when it sentenced him to a term of imprisonment for a subsequent violation of his community-control sanction when the trial court previously had failed to notify him of the specific prison term that may be imposed as a result of an additional violation of the community-control sanction.

{¶ 27B In *Durant,* the appellant argues that the trial court failed to comply with R.C. 2929.19(B)(5) and 2929.15(B) and Ohio Supreme Court case law, which generally require a court to notify an offender of the specific prison term that may be imposed upon violation of community-control conditions. We realize that here, appellant does not base his argument on R.C. 2929.19(B)(5), but rather on the specific wording of R.C. 2929.20(I). Even so, we find much of the reasoning of *Durant* to be applicable to this case.

{¶ 28} In *Durant,* we adopted the reasoning of the Third District Court of Appeals in *State v. Mann,* Crawford App. No. 3–03–42, 2004-Ohio-4703, 2004 WL 1961678.

{¶ 29} "[We] find '* * * the rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20(I) contains the term "community control" in reference to the status of an offender when granted early judicial release.' [*Mann*] at ¶ 6.

{¶ 30} "The court of appeals further explained, in *Mann*, the differences between the rules dealing with a violation of an original sentence of community control and the rules dealing with judicial release. In doing so, the court stated:

{¶ 31} " 'R.C. 2929.15(B) only applies to offenders who were initially sentenced to community control sanctions and permits a trial court to newly impose a prison term upon an offender who later violates the community control sanctions. [Citations omitted.]

{¶ 32} " 'In contrast, an offender who has been granted early judicial release has already been ordered to serve a term of incarceration as part of the original sentence but, upon motion by the "eligible offender," is released early from prison. * * * If a trial court chooses to grant early judicial release to an eligible offender, R.C. 2929.20(I) conditionally reduces the already imposed term of incarceration, and the trial court is required to place the eligible offender under appropriate community control sanctions and conditions. * * * The result is that the eligible offender's original prison sentence is then conditionally reduced until the offender either successfully completes the mandatory conditions of community control or violates the conditions of community control. When an offender violates his community control requirements, the trial court may reimpose the original prison sentence and require the offender to serve the balance remaining on the original term. [Citations omitted.]' [*Mann*] at ¶ 7, ¶ 8.

{¶ 33} "Thus, there is no requirement under the judicial release statute that the trial court notify a defendant of the specific prison term that may be imposed as a result of a violation of community control following early judicial release.[1] R.C. 2929.20(I) merely reserves the right of the trial court to reimpose the sentence that is reduced pursuant to the judicial release if the defendant violates the sanction.

{¶ 34} "Although it would be preferred that a trial court explicitly reserve, on the record or in the judgment entry, its right to reimpose the original sentence, the failure of the trial court to do so does not deprive the court of authority to later reimpose the conditionally reduced sentence. See *Mann* [2004-Ohio-4703, 2004 WL 1961678], at ¶ 12. In reaching this conclusion, the *Mann* court explained that by ordering judicial release, the trial court has implicitly reserved the right to reimpose the original sentence in order for the defendant to be released. Id. Without the reservation, the release of the defendant is not permitted. Id." *Durant*, 2006-Ohio-4067, 2006 WL 2257017, ¶ 12–17.

{¶ 35} *Durant* points out the distinction between R.C. 2929.15(B), 2929.19(B)(5), and R.C. 2929.20(I). R.C. 2929.19(B)(5) specifically requires the

---

1. We have not included the footnote from *Durant*, which acknowledges the conflicting case of *State v. Evans* (Dec. 12, 2000), Meigs App. No. 00CA003, 2000 WL 33538779.

trial court to notify a defendant of the exact amount of imprisonment that may be imposed upon a violation of community control.  R.C. 2929.20(I) does not specifically require a court to notify a defendant that it reserves the right to impose the remainder of a prison sentence.  The defendant has been notified of his or her sentence at a previous hearing and knows already what his or her sentence is and what portion, as of the time of a judicial release, remains unserved.

{¶ 36} In addition, and most importantly, even if we were to read R.C. 2929.20(I) as requiring a trial court to specifically inform the defendant at a judicial release hearing that the court reserves the right to reimpose the sentence if the defendant violates the conditions of the release, we would still affirm this case.  It is clear from the record that the appellant knew that the trial court could reimpose her remaining sentence if she violated the conditions of her release.  Her attorney goes over it with her while she is under oath.  The trial court restates it in its entry (although inaccurately as to who advised the appellant of the consequences of a violation).  We find that there has been a substantial compliance with the statute even if we construe the statute as appellant wants us to.

{¶ 37} The appellant's assignment of error is overruled, and the decision of the trial court is affirmed.

Judgment affirmed.

GWIN, P.J., and BOGGINS, J., concur.