[Cite as *State v. Smith*, 2011-Ohio-410.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  2-10-28

      v.

AARON M. SMITH,                          O P I N I O N

      DEFENDANT-APPELLANT.

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2007-CR-112**

**Judgment Affirmed**

**Date of Decision:  January 31, 2011**

APPEARANCES:

    *S. Mark Weller*  for Appellant

    *Edwin A. Pierce*  for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant, Aaron M. Smith ("Smith"), appeals the judgment of the Auglaize County Common Pleas Court, reimposing his previously ordered prison sentence of eighteen months (plus 1,259 days in prison for a post-release control violation) for violating the terms of his judicial release. For the reasons set forth herein, we affirm the judgment of the trial court.

{¶2} On August 30, 2007, the Auglaize County Grand Jury indicted Smith for one count of failure to notify change of address in violation of R.C. 2950.05(E)(1), 2950.99(A)(1)(a)(ii), a felony of the fourth degree. At the time of this offense, Smith was on post-release control for a prior conviction.

{¶3} After initially entering a plea of not guilty, Smith withdrew that plea and tendered a plea of guilty to the sole count in the indictment on October 15, 2007. The trial court ordered a pre-sentence investigation and scheduled sentencing for a later date. On December 3, 2007, Smith was sentenced to five years of community control. In this sentence, the trial court notified Smith that if he violated the conditions of community control that he was subject to eighteen months in prison as well as 1,274 days in prison for the post-release control violation.[1]

---

[1] The Revised Code requires that any prison term imposed for a violation of post-release control be served consecutively to any prison term imposed for a new felony that was committed by the offender while the offender was on post-release control. R.C. 2929.141.

**{¶4}** On July 11, 2008, the State filed a motion requesting a hearing regarding allegations that Smith violated his conditions of community control. For various reasons, this hearing did not occur until January 8, 2009. At that time, Smith admitted violating the conditions of his community control, and the trial court ordered that he serve eighteen months in prison on the failure to notify change of address charge and an additional 1,259 days in prison for committing this offense while on post-release control.[2] The court's judgment entry reflecting this sentence was filed one day later on January 9, 2009.

**{¶5}** In March, June, and September of 2009, Smith filed motions for judicial release, all of which were summarily denied by the trial court without hearings. On April 23, 2010, Smith filed a pro se motion for judicial release, and three days later, his attorney filed a motion for judicial release on his behalf. On May 11, 2010, the trial court held a judicial release hearing and granted Smith's request for judicial release and placed him on community control. The trial court also informed Smith that if he violated the terms of judicial release, it could reimpose his prison sentences. That same day, Smith violated the terms of his community control, and the State then filed a motion requesting a hearing to determine whether Smith violated the terms of his community control. On July

---

[2] As previously noted, the original prison term for the post-control violation was 1,274 days. However, in the January, 2009 entry that number was changed to 1,259. A transcript of this hearing was not provided to this Court, and the record is otherwise silent as to the reason this number was reduced.

21, 2010, a hearing was held, and Smith admitted violating the terms of community control.[3] The trial court reimposed Smith's prison sentences for the original offense as well as for the post-release control violation

{¶6} Smith appeals the decision of the trial court, raising one assignment of error.

**THE TRIAL COURT'S SENTENCE OF THE DEFENDANT-APPELLANT CONSTITUTED AN ABUSE OF DISCRETION IN FAILING TO PROPERLY CONSIDER AND APPLY THE FELONY SENTENCING GUIDELINES SET FORTH IN R.C. 2929.11 AND 2929.12.**

{¶7} In his sole assignment of error, Smith contends that the trial court failed to consider the purposes and principles of sentencing, pursuant to R.C. 2929.11, and the seriousness and recidivism factors enumerated in R.C. 2929.12 when it reimposed his prison term for violating the conditions of his judicial release, rendering its sentence contrary to law. Smith further asserts that the record does not support his prison sentence because his conduct in committing the offense of failing to notify change of address was one of the least serious forms of conduct that could be committed for this offense, his offense was committed under circumstances that were not likely to recur, and he was genuinely remorseful. However, Smith acknowledges that several of the factors that indicate he is likely to commit future crimes were present, i.e. he was on post-release control at the

---

[3] Originally, the State alleged six different violations. Smith admitted to four of them, and the State dismissed the remaining two allegations.

time of the offense, he had previously been adjudicated a delinquent child, he had a history of criminal convictions, and his prior conduct demonstrated that he had not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child. In short, Smith is challenging the prison term that was imposed upon him for his criminal offense of failing to notify change of address.

{¶8} When a trial court releases an offender pursuant to R.C. 2929.20, it must "place the offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court[.]" R.C. 2929.20(K). Further, the trial court that releases the offender reserves "the right to reimpose the sentence that it reduced if the offender violates the sanction." Id. This Court has previously held that when an offender violates the conditions of his judicial release, R.C. 2929.20(K)[4] "provides that the trial court may reimpose the conditionally reduced sentence without making the findings that are required when a felony sentence is originally imposed." *State v. Mann*, 3rd Dist. No. 3-03-42, 2004-Ohio-4703, ¶16, citing *State v. Gardner*, 3rd Dist. No. 14-99-24, 1999-Ohio-938. Therefore, although Smith presently takes issue with the validity of his prison term, the appropriate time to do so was the point at which the trial court actually issued the prison sentence not when it

---

[4] This portion of the judicial release statute was formerly codified as R.C. 2929.20*(I)*. (emphasis added.) Effective April 7, 2009, this division was changed to (K). However, the language pertinent to the case sub judice did not change.

reimposed that sentence.

{¶9} App.R. 4(A) generally provides that an appellant has thirty days from the date of the entry of judgment to perfect a timely appeal. As previously noted, the original judgment entry imposing Smith's prison sentence was rendered on January 9, 2009. The record is clear that Smith failed to file a notice of appeal within thirty days from the date of that entry. Therefore, since Smith could have raised these issues previously, he is barred from raising them now. See *Gardner*, 1999-Ohio-938; see, also, *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. As a result, Smith's assignment of error is overruled.

{¶10} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J., and PRESTON, J., concur.**

**/jlr**