[Cite as *State v. Abrams*, 2016-Ohio-5581.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 15 MA 0217 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JAMALIA C. ABRAMS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from the Court of
                                   Common Pleas of Mahoning County,
                                   Ohio
                                   Case No. 13 CR 357 A

JUDGMENT:                          Affirmed.

APPEARANCES:

For Plaintiff-Appellee:            Atty. Paul J. Gains
                                   Mahoning County Prosecutor
                                   Atty. Ralph M. Rivera
                                   Assistant Prosecuting Attorney
                                   21 West Boardman Street, 6th Floor
                                   Youngstown, Ohio  44503

For Defendant-Appellant:           Atty. Edward A. Czopur
                                   DeGenova & Yarwood, Ltd.
                                   42 North Phelps Street
                                   Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                   Dated:  August 24, 2016

WAITE, J.

**{¶1}** Jamalia Abrams (hereinafter "Appellant") appeals from the Mahoning County Common Pleas Court judgment revoking her judicial release and ordering her to serve the remainder of her original prison term after she was convicted of aggravated robbery and felonious assault. Appellant contends the trial court was prohibited from reimposing the original four-year prison sentence because the court did not specifically state on the record that Appellant would be subject to this same prison term if she were to violate community control at the time she was granted judicial release.

**{¶2}** Because Appellant was not originally sentenced to community control, but was placed on community control only after the trial court granted her motion for judicial release, Appellant was not entitled to the heightened notice she seeks. As Appellant relies on the wrong statutory law on appeal and overlooks the relevant statute, and because she received all the notice she was due, Appellant's assignment of error is without merit and the judgment of the trial court is affirmed.

Statement of the Case

**{¶3}** Appellant pleaded guilty to one count of aggravated robbery, in violation of R.C. 2903.01(A)(1)(C), a felony of the first degree; and one count of felonious assault, in violation of R.C. 2903.11(A)(2)(D), a felony of the second degree. In a judgment entry dated May 20, 2013, the trial court adopted the agreed sentence of four years of incarceration on count one and four years on count two, to be served concurrently, for a total stated prison term of four years.

**{¶4}** On August 6, 2015, after Appellant had spent 29 months in prison, the trial court granted Appellant's *pro se* motion for judicial release. In accordance with R.C. 2929.20, the trial court suspended the remaining balance of Appellant's prison sentence and imposed a two-year community control sanction.

**{¶5}** On December 7, 2015, Appellant stipulated to a probation violation, and the trial court reimposed the remaining balance of Appellant's original four year prison term – thirteen (13) months.

**{¶6}** Appellant timely appeals from this judgment, raising the following assignment of error for our review:

<u>ASSIGNMENT OF ERROR</u>

The trial court failed to specifically advise Appellant orally at the sentencing hearing of the sentence that she would face if she violated the terms of community control thereby depriving itself of the ability to later impose a prison term and making void the probation violation sentence.

**{¶7}** The standard of review in felony sentences was set forth by the Ohio Supreme Court in *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, 2016 WL 1061782: "[an] appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at paragraph two of the syllabus.

**{¶8}** Appellant contends the trial court was not permitted to reimpose the balance of her prison sentence at revocation of her judicial release because the court had not informed her at the judicial release hearing of the specific prison sentence that would be imposed if she violated community control sanctions. Relying on *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, Appellant asserts that when a trial court sentences an offender to a community control sanction, the court, at the time of sentencing, must notify the defendant of the specific prison term that could be imposed should a violation of the community control sanction occur.

**{¶9}** In *Brooks,* the Ohio Supreme Court addressed statutory notice requirements in sentencing. R.C. 2929.19(B)(4) states, in relevant part, that when imposing a community control sanction, the trial court:

> [S]hall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation.

**{¶10}** R.C. 2929.15, which details the procedures a trial court must follow when an offender has violated the terms and conditions of an original sentence of community control, provides, in pertinent part, that if an offender violates the terms and conditions of community control and the court chooses to impose a prison term,

such term, "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing." R.C. 2929.15(B)(2).

**{¶11}** However, an inmate has "no inherent or constitutional right to be released prior to the expiration of his sentence." *Rollins v. Haviland,* 93 Ohio St.3d 590, 757 N.E.2d 769 (2001). Once a valid sentence has been carried into execution by the trial court, the court no longer has authority to modify that sentence absent express statutory authority.

**{¶12}** R.C. 2929.20(K) governs community control as a term and condition of judicial release. It reads, in part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense. Except as provided in division (R)(2) of this section, the period of community control shall be no longer than five years.

**{¶13}** R.C. 2929.20(R)(2) further states:

The court, in its discretion, may revoke the judicial release if the offender violates the community control sanction described in division (R)(1) of this section. The period of that community control is not subject to the five-year limitation described in division (K) of this section and shall not expire earlier than the date on which all of the offender's mandatory prison terms expire.

{¶14} It is apparent that R.C. 2929.15 and R.C. 2929.20 serve separate purposes. When the trial court grants a motion for judicial release pursuant to R.C. 2929.20, "it, in effect, suspends the balance of the terms of the originally imposed sentences and places 'the eligible offender under an appropriate community control sanction[.]' " (Citations omitted.) *State v. Darthard,* 10th Dist. No. 01-AP-1291, 2002-Ohio-4292, at ¶ 11. Thus, the differences in construction of the above statutes is entirely logical. When a trial court originally sentences an offender to a community control sanction, it must, "at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Brooks*, *supra*, paragraph 2 of the syllabus. Whereas R.C. 2929.20 contemplates that the offender has already been fully apprised of his or her sentence, a sentence that is held in abeyance under the auspices of the later judicial release. A review of the statute reveals that:

[T]here is no requirement under the judicial release statute that the trial court notify a defendant of the specific prison term that may be imposed

as a result of a violation of community control following early judicial release. R.C. 2929.20[(K)] merely reserves the right of the trial court to reimpose the sentence that is reduced pursuant to the judicial release if defendant violates the sanction.

*State v. Durant,* 5th Dist. No. 2005 CA 00314, 2006-Ohio-4067, ¶ 16. Moreover, according to the explicit language of the judicial release statute, the trial court is bound by the specific term of incarceration imposed at the original sentencing hearing. This means the offender serves the remainder of the exact term of incarceration that has only been suspended by the grant of judicial release. R.C. 2929.20(K), see also *State v. Mann,* 3d Dist. No. 3-03-42, 2004-Ohio-4703, ¶ 13; *State v. Darst,* 170 Ohio App.3d 482, 2007-Ohio-1151, 867 N.E.2d 882, ¶ 35.

**{¶15}** In the case *sub judice* the trial court expressly reserved on the record the right to reimpose the original term of incarceration when it stated at the judicial release hearing, "All right. I'm going to take a chance on you. If you haven't learned what you need to know by now, you're never going to learn it. And you know that if you violate, I'll send you right back." (Tr., pp. 9-10.) Appellant acknowledges in her brief that the trial court provided information regarding reimposing a prison term but, relying on *Brooks* and R.C. 2929.15, Appellant takes issue with the language in the August 12, 2015 judgment entry which states, "Defendant was advised in open Court that a violation of any of the terms and/or conditions of this sanction will result in re-incarceration to complete the sentence previously Ordered by this Court in the Department of Rehabilitation and Corrections." (08/12/15 J.E.) Appellant seeks to

have us require the trial court to inform an offender of the precise remainder of the sentence that will be imposed in case the judicial release is violated. This is not a statutory requirement because it appears unnecessary. The trial court has no discretion or authority pursuant to R.C. 2929.20, the governing statute, other than to reimpose the remaining balance of the original sentence.

{¶16} Appellant's reliance on *Brooks* and R.C. 2929.15 is misplaced. *Brooks* relates to instances where the offender was originally sentenced to community control. Where the offender is granted community control pursuant to R.C. 2929.20, the trial court need not specifically inform the offender of its right to reimpose the balance of the original sentence. Nevertheless, this record reflects that Appellant was informed that her sentence could be reimposed at her hearing on judicial release. Therefore, the trial court did not err in reimposing the remaining balance of Appellant's term of incarceration under R.C. 2929.20. Appellant's assignment of error is without merit and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.