[Cite as *State v. Phipps*, 2021-Ohio-258.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

FRANKIE A. PHIPPS,

    DEFENDANT-APPELLANT.

CASE NO. 3-20-07

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 18-CR-0241

Judgment Affirmed

Date of Decision:  February 1, 2021

APPEARANCES:

    *Howard A. Elliot* for Appellant

    *Ryan M. Hoovler* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Frankie A. Phipps ("Phipps") appeals the judgment of the Crawford County Court of Common Pleas, alleging (1) that his guilty plea is invalid and (2) that the trial court erred by imposing a prison sentence after he violated the conditions of his judicial release. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On August 7, 2018, Phipps was charged on one count of burglary in violation of R.C. 2911.12(A)(2). Doc. 1. On February 7, 2019, Phipps pled guilty to the charge against him. Doc. 11. Pursuant to a plea agreement, the parties presented the trial court with a jointly recommended sentence that included a prison term of four years. Doc. 11. The trial court accepted Phipps's guilty plea and immediately proceeded to sentencing. Doc. 12. February 7 Tr. 7-8. The trial court imposed the sentence that had been jointly recommended by the parties. February 7 Tr. 8.

{¶3} On September 9, 2019, Phipps filed a motion for judicial release pursuant to R.C. 2929.20. Doc. 19. On October 3, 2019, the trial court granted this motion. Doc. 22. On March 11, 2020, Phipps's probation officer filed a motion that alleged Phipps had violated a condition of his judicial release. Doc. 25. At a hearing on April 6, 2020, the trial court determined that Phipps had violated a

condition of his judicial release and ordered him to serve the remaining balance of his previously imposed prison term. Doc. 35.

{¶4} The appellant filed his notice of appeal on May 4, 2020. Doc. 40. On appeal, Phipps raises the following assignments of error:

### First Assignment of Error

**Where a trial court accepts a plea of guilty to the offense of a case without advising the Defendant-Appellant that the court can proceed immediately to sentencing, the plea is invalid, and a subsequent attack of the conviction after expiration of the initial period of time afforded to make an appeal, is not barred by res judicata.**

### Second Assignment of Error

**Where the trial court, in granting judicial [release] does not announce on the record the reserved sentence and thereafter places the Defendant-Appellant on community control conditions, granting a motion for judicial release, the court may not impose a prison sentence or a subsequent community control in violation of the terms of his release.**

*First Assignment of Error*

{¶5} Phipps argues that his guilty plea was not knowingly, intelligently, or voluntarily entered and should, therefore, be vacated.

Legal Standard

{¶6} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450, 451 (1996). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution

and the Ohio Constitution." *Id.* "To ensure that a defendant's guilty plea is knowingly, intelligently, and voluntarily made, the trial court must engage the defendant in a plea colloquy pursuant to Crim.R. 11(C)." *State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 8.

{¶7} "Crim.R. 11(C)(2) outlines the procedures trial courts must follow for accepting guilty pleas." *Mullins* at ¶ 7. Crim.R. 11(C)(2) reads as follows:

> **(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:**
>
> **(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.**
>
> **(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.**
>
> **(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

Crim.R. 11(C)(2). "The court must make the determinations and give the warnings that Crim.R. 11(C)(2)(a) and (b) require and must notify the defendant of the

constitutional rights that Crim.R. 11(C)(2)(c) identifies." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 11.

{¶8} "While the court must strictly comply with the requirements listed in Crim.R. 11(C)(2)(c), the court need only substantially comply with the requirements listed in Crim.R. 11(C)(2)(a) and (b)." *Bishop* at ¶ 11.

> **When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid 'under a presumption that it was entered involuntarily and unknowingly.' [*State v*.] *Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12; *see also* [*State v*.] *Nero*, 56 Ohio St.3d at 107, 564 N.E.2d 474, citing *Boykin* [*v. Alabama*], 395 U.S. [238,] 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274. However, if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies. *Id*. Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld. *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.**
>
> **When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *See Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163, and Crim.R. 52(A); *see also Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 23. The test for prejudice is 'whether the plea would have otherwise been made.' *Nero* at 108, 564 N.E.2d 474, citing *Stewart*, [*I*]*d*. If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. *See Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-**

**509, 881 N.E.2d, 1224, paragraph two of the syllabus. 'A complete failure to comply with the rule does not implicate an analysis of prejudice.' *Id*. at ¶ 22.**

*State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31-32.

Legal Analysis

{¶9} In this assignment of error, Phipps argues that the trial court did not inform him that he had a "right[] to require the State to prove [his] guilt beyond a reasonable doubt at a trial * * *." Crim.R. 11(C)(2)(c). Since Phipps alleges that the trial court failed to inform him of a constitutional right, we must examine the record to determine whether the trial court strictly complied with the requirements of Crim.R. 11(C)(2)(c) in this regard. *Bishop, supra,* at ¶ 11.

{¶10} In this case, at the change of plea hearing, the following exchange took place between the trial court and Phipps during the Crim.R. 11 colloquy:

> **[Trial] Court: You're waiving your right to Cross-Examine the State's witnesses, and have the State prove your guilt beyond any reasonable doubt, do you understand that?**
>
> **Phipps: Yes.**

February 7 Tr. 6. Thus, before accepting Phipps's guilty plea, the trial court clearly informed him of his right to require the prosecution to establish his guilt beyond a reasonable doubt. *Id.* In response, Phipps indicated that he understood he was waiving this right. *Id.* Since the trial court complied with Crim.R. 11(C)(2)(c) in this regard, the Crim.R. 11 colloquy is not deficient in the manner that Phipps has alleged in this argument.

**{¶11}** Second, Phipps asserts that the trial court failed to sufficiently explain that it could, "upon acceptance of the plea, * * * proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Since this argument alleges that the trial court failed to inform him of a nonconstitutional right, we must examine the record to determine whether the trial court substantially complied with Crim.R. 11(C)(2)(b). Under the substantial compliance standard, a plea may be upheld as "long as the totality of the circumstances indicates that 'the defendant subjectively underst[ood] the implications of his plea and the rights he is waiving' * * *." *Clark, supra*, at ¶ 31, quoting *Nero, supra*, at 108.

**{¶12}** In this case, the trial court began the change of plea hearing by stating the following to Phipps:

> **[Trial] Court: All right. The case comes before the Court today, Mr. Phipps, you're pleading guilty to the charge of burglary, which is a Felony of the Second Degree, you could get up to eight years in prison and a $15,000 fine. The recommendation, however, is just to do a flat four years, no fine, and you'll pay the cost and you'd be subject to a mandatory—a post-release period of three years; is that your understanding, sir?**
>
> **[Trial] Court: Is there a recommended possible early release down the road?**
>
> **[State]: There is judge.**
>
> **[Trial] Court: Okay. Well, that's down the road, but it's four years with the possibility to get out early, do you understand that?**
>
> **Mr. Phipps: Yeah.**

February 7 Tr. 3. The State points to this statement as evidence that Phipps was aware that a sentence would be imposed after he pled guilty. Appellee's Brief, 7. The following exchange also occurred at the change of plea hearing:

> **[Trial] Court:    Understand this is an agreed sentence recommendation you, your lawyer and the State are all asking me to follow it, do you understand that?**
>
> **Mr. Phipps:  Yes.**
>
> **[Trial] Court:  That means you could have very limited appeal rights, do you understand that?**
>
> **Mr. Phipps:  Yes.**

This exchange indicates that Phipps understood that he, his lawyer, and the State were asking the trial court to impose a jointly recommended sentence as part of this process. *Id*. at Tr. 6.

{¶13} Further, "an alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea * * *." *See State v. Barker*, 120 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 25. In this case, the change of plea form that Phipps signed contained the following statement: "[b]y pleading, I admit the truth of the facts and circumstances alleged. I know the judge may either sentence me today or refer my case to a presentence report." Doc. 11. *See State v. Miller*, 2017-Ohio-478, 84 N.E.3d 150 ¶ 13-16 (2d Dist.); *State v. Summerall*, 10th Dist. Franklin No. 02AP-321, 2003-

Ohio-1652, ¶ 12; *State v. McKenna*, 11th Dist. Trumbull No. 2009-T-0034, 2009-Ohio-6154, ¶ 71.

**{¶14}** We also note that the Defense waived any right to a presentence investigation on the record before the trial court proceeded to sentencing. February 7 Tr. 7. *See State v. Porterfield*, 11th Dist. Trumbull No. 2002-T-0045, 2004-Ohio-520, ¶ 46 (*reversed on other grounds in State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690). Further, immediately after the trial court accepted Phipps's guilty plea, the Defense requested that the trial court impose the jointly recommended sentence. February 7 Tr. 7.

**{¶15}** Having considered the facts in the record, we conclude that the trial court did not completely fail to comply with Crim.R. 11(C)(2)(b). Further, even if the trial court only partially complied with Crim.R. 11(C)(2)(b), Phipps has not even alleged any resulting prejudicial effect. *See State v. Hoskins*, 10th Dist. Franklin No. 97APA10-1384, 1998 WL 318842, *5 (June 6, 1998). In this case, the trial court imposed the exact sentence that was jointly recommended by the parties. February 7 Tr. 8. Phipps has not explained why he would not have pled guilty if he had been orally notified that he would receive the exact sentence he recommended to the trial court immediately instead of eventually. Since he has not carried the burden of establishing a prejudicial effect, this argument is without merit.

**{¶16}** After considering the facts in the record, we conclude that, under the totality of the circumstances, Phipps subjectively understood the rights that he was

waiving and the implications of his guilty plea. Since Phipps has not demonstrated that his guilty plea was not knowingly, intelligently, or voluntarily entered in either of these two arguments, his first assignment of error is overruled.

*Second Assignment of Error*

{¶17} Phipps asserts that the trial court failed to reserve a sentence on the record at the October 3, 2019 hearing on his motion for judicial release. Thus, he argues that the trial court had no basis on which to reimpose his prison sentence after he violated the conditions of his judicial release.

Legal Standard

{¶18} Even though "community control sanctions are imposed when judicial release is granted, judicial release is different from and not synonymous with community control." *State v. Cox*, 3d Dist. Auglaize Nos. 2-09-31, 2-09-32, 2010-Ohio-3799, fn. 3.

> **The rules dealing with a violation of an original sentence of community control (R.C. 2929.15) should not be confused with the sections of the Revised Code regarding early judicial release (R.C. 2929.20) even though the language of R.C. 2929.20([K]) contains the term 'community control' in reference to the status of an offender when granted early judicial release.**

*State v. Alexander*, 3d Dist. No. 14-07-45, 2008-Ohio-1485, ¶ 7, quoting *State v. Mann*, 3d Dist. No. 3-03-42, 2004-Ohio-4703, ¶ 6.

{¶19} Pursuant to R.C. 2929.15, a trial court may impose community control sanctions as part of an offender's original sentence. R.C. 2929.15(A). At the

sentencing hearing, the trial court is to notify the offender of the prison term he or she could receive for violating a condition of community control. R.C. 2929.15(B)(3). If an offender commits a community control violation, the trial court may impose a prison term on the offender as a penalty. R.C. 2929.15(B)(1)(c). However, any period of incarceration "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing." R.C. 2929.15(B)(3).

{¶20} Thus, when an offender's "original sentence is community control[,] * * * he will not receive a term of incarceration unless he violates the terms of his community control * * *." *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26, 10-07-27, 2008-Ohio-2117, ¶ 12. In this situation, an offender will likely not be aware of the prison term he or she could receive for a community control violation if the trial court fails to notify the offender of the length of this potential prison term at the original sentencing hearing. *See* R.C. 2929.15(B)(3); R.C. 2929.19(B)(2).

{¶21} Independently, pursuant to R.C. 2929.20, a trial court may grant judicial release upon the motion of an eligible offender who is *currently* serving a term of incarceration. *Mann, supra,* at ¶ 8. With judicial release, the offender was already sentenced to a prison term at his or her original sentencing hearing. *See* R.C. 2929.20(A), (B); R.C. 2929.19(B)(2).

> **If a trial court chooses to grant early judicial release to an eligible offender, R.C. 2929.20([K]) conditionally reduces the already imposed term of incarceration, and the trial court is required to place the eligible offender under appropriate community control sanctions and conditions.**

*State v. Smith,* 3d Dist. Union No 14-06-15, 2006-Ohio-5972, ¶ 9, quoting *Mann, supra,* at ¶ 8.

**{¶22}** Thus, "when a[n offender] is granted judicial release, he or she has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the [offender's] violation of a community control sanction. *State v. Alexander*, 3d Dist. No. 14-07-45, 2008-Ohio-1485, ¶ 7. While out on judicial release, if "an offender violates his community control requirements, the trial court may reimpose the original prison sentence and require the offender to serve the balance remaining on the original term." *Mann, supra*, at ¶ 8. *See Smith* at ¶ 13.

**{¶23}** However, the appellate districts in this state have imposed different requirements on the process of granting judicial release based on the wording of R.C. 2929.20(K). *See State v. Dolby*, 2d Dist. Champaign No. 2014-CA-11, 2015-Ohio-2424, ¶ 19-20. R.C. 2929.20(K) reads, in its relevant part, as follows:

> **If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court *and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction*. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.**

(Emphasis added.) R.C. 2929.20(K).

{¶24} In applying this provision, several of our sister districts have held that a trial court must expressly reserve the right to reimpose the balance of an eligible offender's term of incarceration when judicial release was granted. *State v. Evans*, 4th Dist. Meigs No. 00CA003, 2000 WL 33538779, *3 (Dec. 13, 2000); *State v. Darthard*, 10th Dist. Franklin Nos. 01AP–1291, 01AP-1292, 01AP-1293, 2002-Ohio-4292, ¶ 11; *State v. Bazil*, 11th Dist. Trumbull No.2003-T-0063, 2004-Ohio-5010, ¶ 23. However, this Court has previously held that a trial court, by granting judicial release, implicitly reserves the right to reimpose the balance of the original sentence in the event that the offender violates the conditions of his or her judicial release.[1] *State v. Monroe*, 3d Dist. Defiance Nos. 4-01-27, 4-01-28, 2002-Ohio-1199, *2 (Mar. 18, 2002).

{¶25} In reaching this position, we noted that the "specific language" of the community control statute in R.C. 2929.15(B) "require[d] the trial court to give the offender notice of the potential prison term at the sentencing hearing." *Monroe* at *2, citing *State v. Martin*, 136 Ohio App.3d 355, 736 N.E.2d 907 (3d Dist. 1999). However, R.C. 2929.20(K) "does not contain the same requirement" for judicial release. *Monroe* at *2. We also noted that R.C. 2929.20(K)

> **'states that the trial court shall reserve the right to reimpose the sentence before the offender can be released. The statute, unlike**

---

[1] The Fifth District has also held that a trial court implicitly reserves the right to reimpose the balance of an eligible offender's prison sentence by granting judicial release. *State v. Durant*, 5th Dist. Stark No.2005 CA 00314, 2006-Ohio-4067, ¶ 17 (holding that R.C. 2929.20(K) "reserves the right of the trial court to reimpose the sentence that is reduced pursuant to the judicial release if the defendant violates the sanction."). *See also State v. Abrams*, 7th Dist. Mahoning No. 15 MA 0217, 2016-Ohio-5581, ¶ 16.

-13-

> **other sentencing statutes, does not require that the trial court make a finding that it has reserved the right to reimpose the sentence nor does it require that the trial court place the reservation on the record. By ordering the release of the offender pursuant to R.C. 2929.20([K]), the trial court has implicitly reserved the right to reimpose the original sentence in order for the offender to be released. The statute does not provide for any alternative. Without the reservation, the release of the offender is not permitted.'**
>
> **By virtue of being subject to the specific term of imprisonment imposed at the original sentencing hearing, it cannot be said that the eligible offender has not been informed of the specific term of imprisonment conditionally reduced by the trial court's granting of early judicial release.**

*Mann, supra,* at ¶ 12-13, quoting *Monroe* at *2. Based on this reasoning, we concluded that

> **the preferred procedure is for the trial court to explicitly 'reserve' on the record or in the judgment entry its right to reimpose sentence from which the eligible offender is receiving early judicial release [but that] the failure of the trial court to do so does not deprive the court of authority to later reimpose the conditionally reduced sentence.**

*Mann*, *supra*, at ¶ 12.

## Legal Analysis

{¶26} Phipps asserts that the trial court erred by failing to "announce on the record the reserved sentence" when he was granted judicial release. Appellant's Brief, 1. He advances three supporting arguments for this assertion. First, Phipps points out that the community control statute, R.C. 2929.15(B), "talk[s] in terms of the [trial] court not being able to impose a prison sentence upon a violator that

-14-

exceeds the term[] specified in the notice provided [to] * * * the defendant at the time of the sentencing hearing." *Id*. at 12. However, this Court has previously held that

> **R.C. 2929.15(B) * * * only applies to offenders who were initially sentenced to community control sanctions and permits a trial court to newly impose a prison term upon an offender who later violates the community control sanctions.**

(Brackets sic.) *State v. Smith*, 3d Dist. Union No 14-06-15, 2006-Ohio-5972, ¶ 9, quoting Mann at ¶ 7. Since Phipps "was granted early judicial release, R.C. 2929.15 is inapplicable to resolution of this appeal and R.C. 2929.20 is controlling." *Mann, supra*, at ¶ 9. For this reason, the arguments he advances that suggest the trial court should have followed the requirements of R.C. 2929.15(B) are without merit.

{¶27} Second, Phipps next points to R.C. 2929.19(B)(4), which governs sentencing hearings. This provision reads, in its relevant part, as follows:

> **If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed * * *, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated * * * the court may impose * * * a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation * * *.**

R.C. 2929.19(B)(4). Phipps argues that R.C. 2929.19(B)(4) requires a trial court to "notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction." Appellant's Brief, 10-11, quoting *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the

syllabus. He then asserts that this notification has been held to be "a prerequisite to imposing a prison term on the offender for a subsequent violation" of the conditions of community control. *Brooks* at paragraph two of the syllabus.

{¶28} However, in *State v. Abrams*, the Seventh District held that R.C. 2929.19(B)(4) and R.C. 2929.20(K) are applicable in different situations. *Abrams, supra*, at ¶ 14, citing *Brooks* at paragraph two of the syllabus. After examining both of these statutes, the Seventh District held that the notification requirements of R.C. 2929.19(B)(4) apply "[w]hen a trial court originally sentences an offender to a community control sanction * * *." *Abrams, supra*, at ¶ 14. In this situation, the trial court must "notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction * * *." *Id.*, quoting *Brooks* at paragraph two of the syllabus.

{¶29} Conversely, "R.C. 2929.20 contemplates that the offender has already been fully apprised of his or her sentence, a sentence that is held in abeyance under the auspices of the later judicial release." *Abrams* at ¶ 14. The application of the notification requirements of R.C. 2929.19(B)(4) to the context of judicial release does not make sense because,

> **according to the explicit language of the judicial release statute, the trial court is bound by the specific term of incarceration imposed at the original sentencing hearing. This means the offender serves the remainder of the exact term of incarceration that has only been suspended by the grant of judicial release.**
>
> * * *

-16-

> **[I]nform[ing] an offender of the precise remainder of the sentence that will be imposed in case the judicial release is violated * * * is not a statutory requirement because it appears unnecessary. The trial court has no discretion or authority pursuant to R.C. 2929.20, the governing statute, other than to reimpose the remaining balance of the original sentence.**

*Id.* at ¶ 15. Thus, the Seventh District concluded that, when an offender is granted judicial release under R.C. 2929.20, "the trial court need not specifically inform the offender of its right to reimpose the balance of the original sentence." *Id.* at ¶ 16.

{¶30} We find the Seventh District's decision in *Abrams* to be persuasive. In the case presently before this Court, the trial court was not imposing a community control sanction at an original sentencing hearing. *Abrams, supra*, at ¶ 15. Rather, the trial court was granting Phipps's motion for judicial release. Phipps was subject to community control sanctions *pursuant to his judicial release*. Thus, applying the reasoning of *Abrams* to the case before this Court, we conclude that Phipps's arguments based on R.C. 2929.19(B) to be inapplicable in this situation. *Id.*

{¶31} Third, Phipps argues that this Court should follow the precedent of the Fourth District in *State v. Evans* and hold that a trial court must expressly reserve the right to reimpose an offender's sentence on the record when a motion for judicial release is granted. *Evans, supra*, at *3. However, this Court has previously held that a trial court implicitly reserves the right to reimpose an offender's sentence in the act of granting judicial release. *Monroe* at *2; *Mann, supra*, at ¶ 12-13. At this time, we decline to revisit our prior precedent. Thus, following the case law of this

district, we conclude that the trial court did not err in reimposing the balance of Phipps's sentence in the absence of an express reservation of this right at the judicial release hearing. *Mann, supra*, at ¶ 12-13. For this reason, we find that Phipps's arguments to the contrary are without merit. *Evans, supra*, at *3.

{¶32} Moreover, we also note that the following exchange occurred at the original sentencing hearing on February 7, 2019:

> **[Trial] Court: Is there a recommended possible early release down the road?**
>
> **[State]: There is judge.**
>
> **[Trial] Court: Okay. Well, that's down the road, but it's four years with the possibility to get out early, do you understand that?**
>
> **Mr. Phipps: Yes.**
>
> **[Trial] Court: All right. Obviously, Community Control is not being what's recommended right now, but if I did let you out down the road, it would be for five years, do you understand that? You need to say yes or no.**
>
> **Mr. Phipps: Yes.**
>
> **[Trial] Court: Okay. And if you violated that Community Control, *I could reimpose the four year sentence and you'd have to do the rest of it*, do you understand that?**
>
> **Mr. Phipps: Yes.**

(Emphasis added.) February 7 Tr. 4. In this exchange, the trial court indicated that community control would not be part of his original sentence but that he could be granted judicial release subject to community control sanctions that would last for

five years. *Id.* Further, Phipps was informed that, if he was granted judicial release and violated one of the conditions, the trial court could reimpose the balance of his four year prison term. *Id.*

{¶33} In response to these statements, Phipps indicated that he understood the trial court's explanation. *Id.* Thus, in this case, Phipps had been made aware of the fact that the balance of his four-year prison term could be reimposed if he violated the conditions of his community control as imposed when his judicial release was granted. February 7 Tr. 4. Having considered the arguments of the appellant and the contents of the record, we conclude that Phipps has not demonstrated that the trial court erred in this matter. For this reason, his second assignment of error is overruled.

*Conclusion*

{¶34} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Crawford County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW and ZIMMERMAN, J.J., concur.**

**/hls**