[Cite as *State v. Davis*, 2021-Ohio-3790.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### DEFIANCE COUNTY

STATE OF OHIO,

                                                      CASE NO. 4-21-03

      PLAINTIFF-APPELLEE,

      v.

STEPHON D. DAVIS,                            O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Defiance County Common Pleas Court
Trial Court No. 13 CR 11591

**Judgment Affirmed**

**Date of Decision:  October 25, 2021**

APPEARANCES:

    *Autumn D. Adams* **for Appellant**

    *Russell R. Herman* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Stephon D. Davis ("Davis") appeals the judgment of the Defiance County Court of Common Pleas, alleging that the trial court erred in the process of reimposing the balance of his prison term after revoking his judicial release. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On May 29, 2013, Davis pled guilty to four counts of burglary in violation of R.C. 2911.12(A)(2), felonies of the second degree, and one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree. Doc. 18. On July 25, 2013, the trial court sentenced Davis on these charges and on charges arising from another case. Doc. 19, 20. Davis received an aggregate prison term of fourteen years. Doc. 19, 20. On June 19, 2020, Davis filed a motion for judicial release. Doc. 25. On July 2, 2020, the trial court granted this motion. Doc. 27. The trial court suspended the remaining seven years of his prison term; placed him on community control; and reserved the right to reimpose his prison term. Doc. 27.

{¶3} On October 15, 2020, the State filed a motion to revoke Davis's judicial release and to reimpose his prison sentence. Doc. 30. The State alleged that Davis had committed four violations of the terms of his judicial release. Doc. 30. On March 26, 2021, the State filed a supplemental motion that alleged five additional violations. Doc. 37. On March 30, 2021, the trial court held a hearing on the State's

motion. Doc. 38. On April 5, 2021, the trial court revoked Davis's judicial release and reimposed the remaining seven years of his prison term. Doc. 38.

*Assignment of Error*

{¶4} Davis filed his notice of appeal on April 22, 2021. Doc. 39. On appeal, he raises the following assignment of error:

> **The Sentencing Court failed to follow the principles and purposes of sentencing when it revoked Davis' community control and sent him back to prison.[1]**

Davis argues that the trial court erred by reimposing the balance of his prison term without considering the factors listed in R.C. 2929.11 and R.C. 2929.12.

*Legal Standard*

{¶5} "[W]hen a[n offender] is granted judicial release, he or she has already served a period of incarceration, and the remainder of that prison sentence is suspended pending either the successful completion of a period of community control or the [offender's] violation of a community control sanction." *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7. "While out on judicial release, if 'an offender violates his community control requirements, the trial court may reimpose the original prison sentence and require the offender to serve the balance remaining on the original term.'" *State v. Phipps*, 2021-Ohio-258,

---

[1] We note that the trial court, in this case, revoked Davis's judicial release. Doc. 27, 38. "Even though 'community control sanctions are imposed when judicial release is granted, judicial release is different from and not synonymous with community control.'" *State v. Phipps*, 2021-Ohio-258, 167 N.E.3d 576, ¶ 22 (3d Dist.), quoting *State v. Cox*, 3d Dist. Auglaize Nos. 2-09-31, 2010-Ohio-3799, fn. 3.

167 N.E.3d 576, ¶ 22 (3d Dist.), quoting *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 6.

{¶6} For this reason, if an offender is returned to prison after his or her judicial release is revoked, the trial court has reimposed the original sentence, "not a new sentence * * *." *State v. Davis*, 8th Dist. Cuyahoga No. 103175, 2016-Ohio-1224, ¶ 6. "When [a] * * * trial court is reimposing the remainder of the defendant's original sentence after revoking his judicial release, the trial court need not make the statutory findings that are required when a felony sentence is originally imposed." *State v. Thompson*, 3d Dist. Crawford Nos. 3-16-01, 3-16-12, 2016-Ohio-8401, ¶ 14. "[T]herefore, the trial court is not required to engage in an analysis of the factors set forth in R.C. 2929.11 and 2929.12 prior to reimposing the original sentence." *Davis* at ¶ 6, citing *State v. Jones*, 7th Dist. Mahoning No. 07-MA-155, 2008-Ohio-6204, ¶ 18.

*Legal Analysis*

{¶7} In this case, the trial court revoked Davis's judicial release and reimposed the balance of his original sentence. Doc. 27, 38. Since this was not a new sentence, the trial court was not required to consider the R.C. 2929.11 and R.C. 2929.12 factors. *Davis* at ¶ 6. The time to challenge whether a trial court complied with R.C. 2929.11 and R.C. 2929.12 is "the point at which the trial court actually issued the prison sentence not when it reimposed that sentence." *State v. Smith*, 3d Dist. Auglaize No. 2-10-28, 2011-Ohio-410, ¶ 8, citing *State v. Gardner*, 3d Dist.

Union No. 14-99-24, 1999-Ohio-938, 1999 WL 1075424, *3 (1999). Thus, Davis has not demonstrated that the trial court erred in the process of reimposing the balance of his prison sentence. As such, his sole assignment of error is overruled.

*Conclusion*

{¶8} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Defiance County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/hls**