[Cite as *State v. Depinet*, 2022-Ohio-2453.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 17-21-06

      v.

JUSTIN P. DEPINET,                  O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 17-21-14

      v.

JUSTIN P. DEPINET,                  O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Shelby County Common Pleas Court**
**Trial Court No. 20CR000169**

**Judgments Affirmed**

**Date of Decision: July, 18. 2022**

APPEARANCES:

    *Jim R. Gudgel* **for Appellant**

    *Timothy S. Sell* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Justin P. Depinet, appeals two judgments of the Shelby County Court of Common Pleas: (1) its March 10, 2021 judgment of sentence; and (2) its May 27, 2021 judgment revoking Depinet's community control and imposing a reserved prison sentence. For the reasons that follow, we affirm.

## I. Facts & Procedural History

{¶2} On July 16, 2020, the Shelby County Grand Jury returned an indictment charging Depinet in Count One with aggravated possession of drugs in violation of R.C. 2925.11(A), a third-degree felony, and in Count Two with possessing criminal tools in violation of R.C. 2923.24, a fifth-degree felony. On July 23, 2020, Depinet appeared for arraignment and pleaded not guilty to the counts of the indictment.

{¶3} The matter proceeded to a jury trial on January 26, 2021. On January 27, 2021, the jury found Depinet guilty as charged in the indictment. The trial court accepted the jury's guilty verdicts and continued the matter for sentencing after the preparation of a presentence investigation report.

{¶4} A sentencing hearing was held on March 9, 2021. At the sentencing hearing, the trial court and Depinet had a memorable discussion regarding potential sentencing options in relation to Depinet's extensive drug history and his denial of a substance abuse problem needing additional drug treatment. Ultimately, Depinet requested to be placed on community control with the understanding he would be

required to complete a treatment program at the W.O.R.T.H Center or another community-based correctional facility. The trial court sentenced Depinet to five years of community control as to each count, conditioned in part on his successful completion of a treatment program as discussed. The trial court made it abundantly clear to Depinet that if he failed to complete the treatment program, or if he violated the other conditions of his community control, he could be sentenced to concurrently serve 36 months in prison on Count One and 12 months in prison on Count Two. The trial court filed its judgment entry of sentence on March 10, 2021. On March 23, 2021, Depinet filed a notice of appeal. This appeal was assigned case number 17-21-06.

{¶5} On April 19, 2021, the State filed a notice alleging that Depinet had been unsuccessfully discharged from the W.O.R.T.H. Center, thereby violating the conditions of his community control. On April 21, 2021, Depinet admitted there was probable cause for the filing of the community-control violation.

{¶6} On May 26, 2021, the trial court conducted a full hearing on the alleged community-control violation. At the conclusion of the hearing, the trial court found Depinet had violated the terms of his community control as alleged in the State's notice. The trial court proceeded immediately to sentencing. On the record at the revocation hearing, the trial court stated that it would be imposing the "original sentence" rather than continuing Depinet's community control. (May 26, 2021 Tr.

at 54-55). In its May 27, 2021 judgment entry, the trial court ordered Depinet to serve 36 months in prison on Count One concurrently with 12 months in prison on Count Two. Furthermore, although jail-time credit was not mentioned at the revocation hearing, in its judgment entry, the trial court awarded Depinet 79 days of jail-time credit. On June 10, 2021, Depinet filed a second notice of appeal. This appeal was assigned case number 17-21-14.

## II. Assignments of Error

{¶7} On July 2, 2021, Depinet's appeals in case numbers 17-21-06 and 17-21-14 were consolidated for purposes of briefing and argument. He raises the following two assignments of error for our review:

> **1. The trial court failed to impose a stated prison sentence at the time of sentencing for the probation violation.**
>
> **2. The trial court erred in not stating on the record the jail time credit at the time of the community control violation sentencing hearing.**

Because they concern related issues, we consider Depinet's assignments of error together.

## III. Discussion

{¶8} In his assignments of error, Depinet argues that the trial court, after finding he violated the conditions of his community control, did not properly impose the reserved prison sentence or award him jail-time credit.

**A. Standard of Review for Felony Sentences**

{¶9} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**B. Depinet's sentence is not contrary to law.**

{¶10} In his assignments of error, Depinet raises two issues relating to his prison sentence. First, Depinet argues that by referring only to his "original sentence" at the revocation hearing, the trial court failed to impose a "stated prison term" as required by statute. In addition, Depinet contends the trial court erred by failing to calculate his jail-time credit on the record at the revocation hearing.

**i. The trial court imposed a stated prison term as required by R.C. 2929.19(B)(2)(a).**

{¶11} At a community-control revocation hearing, "the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17. R.C. 2929.19 is among these

sentencing statutes. *See State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, ¶ 19. As relevant here, R.C. 2929.19(B)(2)(a) provides that "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [i]mpose a stated prison term * * *."

{¶12} At Depinet's revocation hearing, the trial court did not specify the exact composition or length of the prison sentence it was imposing on Depinet. The trial court did not specifically restate that it was sentencing Depinet to 36 months in prison on Count One and 12 months in prison on Count Two. Nor did it say Depinet would be required to serve these sentences concurrently. Instead, the trial court stated only that the "original sentence" would be imposed.

{¶13} However, it was abundantly clear at the revocation hearing what the trial court meant by saying it was ordering Depinet to serve the "original sentence." During the revocation hearing, the State requested the trial court revoke Depinet's community control and impose the "original sentence," and Depinet's counsel, in arguing for leniency, expressed his understanding that the "original sentence" was a 36-month sentence. (*See* May 26, 2021 Tr. at 47-48, 52-54). In addition, the composition and length of Depinet's "original sentence" were readily ascertainable by reference to the trial court's March 10, 2021 judgment entry of sentence.

{¶14} Although the trial court did not parse the sentences for Counts One and Two at the revocation hearing, the phrase "stated prison term," as it is used in R.C. 2929.19(B)(2)(a), is defined in part as the "combination of all prison terms" imposed by the sentencing court under R.C. 2929.14. *See* R.C. 2929.01(FF)(1). At Depinet's initial sentencing hearing, he was notified that if he violated the conditions of his community control, he could be sentenced to concurrent terms of 36 months in prison on Count One and 12 months in prison on Count Two. (Mar. 9, 2021 Tr. at 11). Therefore, the "stated prison term" the trial court reserved for Depinet, i.e., the combination of his potential prison sentences for Counts One and Two, amounted to 36 months in prison—a prison term equivalent to the "original sentence" imposed by the trial court at Depinet's revocation hearing.

{¶15} When the trial court imposed Depinet's reserved prison sentence at the revocation hearing, it would have been ideal for the trial court to use more precise language. But a deviation from best practices does not a statutory violation make. By imposing Depinet's "original sentence" at the revocation hearing, the trial court imposed a combination of prison terms whose composition and exact length were known clearly to all present. Under the particular facts of this case, the trial court's statements were sufficient to impose a "stated prison term" as required by R.C. 2929.19(B)(2)(a).

**ii. Although the trial court did not calculate Depinet's jail-time credit at the revocation hearing, the trial court did not commit plain error.**

**{¶16}** The practice of awarding jail-time credit is rooted in the Equal Protection Clauses of the Ohio and United States Constitutions, though it is now addressed in Ohio state statute. *State v. Carpenter*, 4th Dist. Meigs No. 16CA11, 2017-Ohio-9038, ¶ 25. One of these statutes, R.C. 2929.19(B)(2)(g)(i), provides:

> [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * *:
>
> * * *
>
> Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term * * *.

Thus, under R.C. 2929.19(B)(2)(g)(i), trial courts have a duty to calculate jail-time credit at the time of sentencing. *State v. Baker*, 8th Dist. Cuyahoga No. 102232, 2015-Ohio-3232, ¶ 14.

**{¶17}** As noted above, in the trial court's May 27, 2021 judgment entry, Depinet was awarded 79 days of jail-time credit. Depinet does not take issue with the number of days of credit the trial court awarded him. Rather, Depinet argues that the trial court erred because it did not calculate these 79 days on the record at the revocation hearing. However, at the revocation hearing, Depinet did not raise any argument regarding jail-time credit. Nor did he request a hearing under R.C.

2929.19(B)(2)(g)(ii), which provides that in calculating the number of days of jail-time credit, if any, to which the defendant is entitled, "the court shall consider the arguments of the parties and conduct a hearing if one is requested." As a result, Depinet has forfeited all but plain error. *Carpenter* at ¶ 32; *State v. Gordon*, 9th Dist. Summit No. 28331, 2017-Ohio-7147, ¶ 38.

{¶18} We fail to see how Depinet was prejudiced by the trial court's failure to calculate jail-time credit at the revocation hearing. The trial court's judgment entry states that Depinet is entitled to jail-time credit. Moreover, although Depinet does not assert in this appeal that the trial court miscalculated the number of days of jail-time credit to which he is entitled, he is not necessarily foreclosed from making such an argument at a later date. Indeed, R.C. 2929.19(B)(2)(g)(iii) provides:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under [R.C. 2929.19(B)(2)(g)(i)]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under [R.C. 2929.19(B)(2)(g)(i)], and the court may in its discretion grant or deny that motion.

Accordingly, under these circumstances, we do not find the trial court committed plain error by neglecting to discuss the matter of jail-time credit at the revocation hearing. *See Carpenter* at ¶ 32.

{¶19} Depinet's first and second assignments of error are overruled.

## IV. Conclusion

{¶20} For the foregoing reasons, Depinet's assignments of error are overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the Shelby County Court of Common Pleas.

***Judgments Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**