[Cite as *State v. Foust*, 2022-Ohio-3187.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 3-21-27

    v.

FINLEY E. FOUST, JR.,                O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 17-CR-0260

Judgment Reversed and Cause Remanded

Date of Decision: September 12, 2022

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Daniel J. Stanley* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Finley E. Foust, Jr. ("Foust"), appeals from the December 2, 2021 judgment entry of the Crawford County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On September 26, 2017, Foust was charged in a three-count indictment on the following offenses: receiving stolen property, a fourth degree felony (Count 1); receiving stolen property, a fifth degree felony (Count 2); and engaging in a pattern of corrupt activity, a second degree felony (Count 3). Foust entered into a negotiated plea agreement, pled guilty to all three counts, and was sentenced to an agreed sentence recommendation of a twelve-month prison term on Count 1, an eleven-month prison term on Count 2, and a three-year prison term on Count 3, all to be served consecutively for a total prison term of four years and eleven months (with consideration of judicial release). The trial court granted him 74 days of jail-time credit up to November 13, 2017, the date of sentencing.

{¶3} Thereafter, on August 21, 2018, Foust filed a motion for judicial release, which the trial court granted on September 20, 2018. Foust was then placed on five years of community control. The trial court stated:

> **Defendant's Motion is granted and** *the remainder of the prison sentence imposed in the above-captioned case(s) be and hereby is suspended. The Court hereby reserves jurisdiction to reimpose the remaining prison time*, **and the Defendant is hereby placed on Community Control for a period of five (5) years under the**

> **standard conditions and terms of the Crawford County Probation Department.**

(Emphasis added.)  (Doc. No. 23).

{¶4} Subsequently, on November 4, 2020, Foust appeared before the trial court for a hearing on a community control violation where the trial court continued his community control.  Thereafter, on November 30, 2021, following community control violations, the trial court revoked his judicial release community control.  At the sentencing hearing, the trial court judge stated:  "I'm going to reimpose a prison sentence, however, I'm not going to reimpose a prison sentence on all three counts[.]"  (Nov. 30, 2021 Tr. at 19).  The judge explained:  "On Count 1 in which the Defendant was sentenced to 12 months in prison, I'm going to terminate that as unsuccessful.  So I will not reimpose that 12 month prison sentence."  (*Id.*).  The judge continued:  "Count 2 and Count 3, I will reimpose those two prison sentences, so that is three years on Count 2, 11 months on Count 3, so *I'm reimposing 3 years and an 11 month prison sentence*."  (Emphasis added.)  (*Id.*).

{¶5} The trial court judge further explained:  "[T]he reason I'm doing this is because while I believe a prison sentence needs to be reimposed in this case, I listened to the Defendant, I do believe he shows remorse, I do believe there's some factors and because of that I'm willing to not impose the entire prison sentence because of that.  Now, Mr. Foust, you've got a significant amount of time in, jail and prison, all your jail and prison will go to Counts 2 and Counts 3[.]"  (*Id.*).

{¶6} The trial court's December 2, 2021 judgment entry then states that the following prison sentence is "re-imposed:" "11 months prison on Count 2 and to 3 years prison on Count 3, to be served consecutively for a total of 3 years and 11 months prison, with jail time credit. Count 1 shall be terminated as unsuccessful." (Doc. No. 49). The entry further states as follows regarding jail-time credit: "Defendant has served 74 jail time credit days before being sentenced to prison on November 13, 2017. Defendant has served 30 jail time credit days including the date of sentence of November 30, 2021 since judicial release for a total of 104 jail time credit days." (*Id.*). It is from this judgment entry that Foust appeals, asserting the following assignment of error for our review.

### Assignment of Error

**The trial court is obligated to determine at the sentencing hearing how many days of credit the Defendant is entitled to for time served with respect to the offense at hand. The failure to do so is error requiring the matter be reversed for an appropriate determination by the trial court at a sentencing hearing.**

{¶7} In his sole assignment of error, Foust contends that the trial court erred when it failed to determine his jail-time credit at his sentencing hearing. Foust asserts that the trial court failed to comply with its statutory obligation under R.C. 2929.19(B)(2)(g)(i) by not announcing the number of days of jail-time credit that he was entitled to for time served at this hearing and has not afforded him a correct credit for time served. (Appellant's Brief at 9).

*Legal Standard*

**{¶8}** R.C. 2929.19(B)(2)(g)(i) states that:

**(B)(2) \* \* \* [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:**

**\* \* \***

**(g)(i) Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term \* \* \* . The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced.**

**{¶9}** Next, R.C. 2929.20, which governs judicial release, provides in pertinent part:

**If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.**

R.C. 2929.20(K). Thus, an offender, like Foust, who has been granted judicial release " 'has already served a period of incarceration, and *the remainder of that prison sentence is suspended* pending either the successful completion of a period

-5-

of community control or the [offender's] violation of a community control sanction.' " (Emphasis added.) *State v. Davis*, 3d Dist. Defiance No. 4-21-03, 2021-Ohio-3790, ¶ 5, quoting *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7.

*Legal Analysis*

**{¶10}** A review of the record clearly indicates that the trial court, after revoking judicial release at the hearing, committed to Foust receiving credit for any days that he had spent in jail and prison. (Nov. 30, 2021 Tr. at 20). However, in its judgment entry of sentence, the trial court only noted the prior "jail time" with no reference to prior "prison time." Moreover, the record shows that following Foust's violation of judicial release, the trial court, with the exception of the charge that was "dismissed," *imposed the entire original prison terms* for his offenses, rather than reimposing the balance of his prison terms as required by R.C. 2929.20(K).

**{¶11}** As noted earlier, the record shows that in its judgment granting judicial release, the trial court specifically suspended the *remaining* portion of Foust's prison sentence and specifically reserved jurisdiction to allow it to reimpose the *remaining* prison time. In sum, it is our view that requiring the trial court to reimpose only the balance of the previously imposed prison sentence, as opposed to reimposing the entire original sentence and then purporting to deduct credit for both prior "prison time" served as well as prior "jail time" served, not only avoids

unnecessary issues as to the calculation of prison time by the trial court instead of the Department of Rehabilitation and Correction, but is also more consistent with the language of R.C. 2929.20(K), and our prior case law, as well as the language of the trial court's own judgment entry granting judicial release in this case.

{¶12} As for jail-time credit, the number of days of jail-time credit that the trial court credited Foust when it sentenced him in this case, specifically 104 days, is reflected in its judgment entry of December 2, 2021. We have recognized that the Department of Rehabilitation and Correction has the duty to *apply* jail-time credit, however, the trial court has the responsibility of determining the number of days to be credited. *State v. Mills*, 3d Dist. Auglaize Nos. 2-22-09 and 2-22-10, 2022-Ohio-2821, ¶ 8. It is then consistent for the trial court to determine the number of days of jail-time credit that Foust is entitled to have credited toward the remaining balance of his original sentence pursuant to R.C. 2929.19(B)(2)(g)(i), which the trial court clearly did in this case. To this extent, Foust's assignment of error is overruled.

{¶13} However, based on the foregoing analysis regarding the trial court's reimposition of Foust's entire original sentence on Counts 2 and 3 instead of the balance of the previously imposed sentence, Foust's sole assignment of error is sustained. Accordingly, we reverse the sentence imposed by the trial court and remand this case for the trial court to properly reimpose the balance remaining on

Foust's original prison terms on the two counts imposed consistent with its own judgment entry granting judicial release subject only to the amount of "jail-time" credit in accordance with R.C. 2929.19(B)(2)(g)(i).

*Conclusion*

**{¶14}** Having found error prejudicial to the Appellant in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**