[Cite as *State v. Locker*, 2023-Ohio-2533.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO.  3-22-31

    v.

LOGAN LOCKER,                          O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Crawford County Common Pleas Court
Trial Court No.  20-CR-0270

Judgment Reversed and Cause Remanded

Date of Decision:  July 24, 2023


APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**MILLER, P.J.**

{¶1} Defendant-appellant, Logan Locker ("Locker"), appeals the August 10, 2022 judgment of the Crawford County Court of Common Pleas revoking Locker's judicial release and imposing a reserved prison sentence. For the reasons that follow, we reverse.

{¶2} On August 4, 2020, the Crawford County Grand Jury indicted Locker on three counts: Count One of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(2), (C)(4), a first-degree felony; Count Two of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(2), (C)(3), a second-degree felony; and Count Three of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony. Locker filed a written plea of not guilty on August 7, 2020.

{¶3} Locker appeared for a change-of-plea hearing on October 21, 2020. At the State's request, the trial court amended Count One and Count Two from the original charges to negligent assault in violation of R.C. 2903.14(A), (B), third-degree misdemeanors. Pursuant to a negotiated-plea agreement, Locker withdrew his not guilty pleas and entered guilty pleas to the charges, as amended. The trial court accepted Locker's pleas and found him guilty.

{¶4} The trial court proceeded immediately to sentencing. Pursuant to a joint-sentencing recommendation, the trial court sentenced Locker to 60 days of

local incarceration on Count One and 53 days of local incarceration on Count Two. The trial court ordered the sentences for Counts One and Two to run consecutively for an aggregate term of 113 days of local incarceration. With respect to Count Three, the trial court sentenced Locker to five years of community control. The trial court informed Locker that, in the event he fails to successfully complete community control, he was subject to serving up to 36 months in prison.

{¶5} On May 4, 2021, a motion was filed requesting the trial court issue an order requiring Locker to show cause why his community control should not be revoked. Specifically, the motion alleged that Locker violated the terms of his community control by possessing brass knuckles, possessing raw marijuana and a digital scale, returning a urine-drug screen that tested positive for marijuana, consuming alcohol, and being present in a bar. At an initial appearance held later that day, Locker entered a denial to the community-control violation.

{¶6} On June 28, 2021, a second motion was filed requesting the trial court issue an order requiring Locker to show cause why his community control should not be revoked. The motion alleged that Locker submitted drug screens that were positive for marijuana and alcohol. Locker entered an additional denial to this community-control violation.

{¶7} At a hearing held on July 7, 2021, Locker entered admissions acknowledging the violations of his community control as outlined in the May 4 and

June 28, 2021 filings. The trial court accepted Locker's admissions and found him to have violated his community control. The trial court imposed the reserved term of 36 months in prison.

{¶8} On January 21, 2022, Locker filed a motion for judicial release. In a March 28, 2022 judgment entry, the trial court granted Locker's motion for judicial release and suspended the remainder of Locker's prison sentence. In its judgment entry, the trial court specified that the "remainder of the prison sentence" is suspended. (Doc. No. 38). The trial court specifically "reserve[d] jurisdiction to reimpose the remaining prison time." (*Id.*).

{¶9} On June 22, 2022, a motion was filed requesting the trial court issue an order requiring Locker to show cause why his judicial release should not be revoked. The motion alleged that Locker violated the terms of his judicial release by submitting a drug screen that tested positive for marijuana on two separate occasions, failing to report a law-enforcement contact to his supervising officer, and associating with individuals with previous felony convictions. At a hearing held the following day, Locker entered a denial to the alleged violations.

{¶10} At a hearing held on August 10, 2022, he withdrew his denial and entered an admission to the violation of his judicial release conditions. The trial court then terminated Locker's judicial release and reimposed the original 36-month prison sentence.

{¶11} On September 6, 2022, Locker filed a notice of appeal. He raises two assignments of error for our review, which we address together.

**First Assignment of Error**

**The Trial Court is obligated to announce and determine at the sentencing hearing how many days of credit the Defendant is entitled to for time served with respect to the offense at hand and the failure to do so is error requiring the matter be reversed for resentencing.**

**Second Assignment of Error**

**When a Trial Court revokes community control conditions of an offender who had previously been granted judicial release it is error for the Trial Court to reimpose the original prison sentence without reserving therefrom time previously served in prison on that sentence requiring that the matter be remanded to the Trial Court for resentencing.**

{¶12} In his first assignment of error, Locker argues the trial court did not properly impose jail-time credit. In his second assignment of error, Locker argues the trial court erred by reimposing his full original prison sentence without reducing it by the time he previously served on that sentence.

*Award of Jail-Time Credit*

{¶13} The practice of awarding jail-time credit is rooted in the Equal Protection Clauses of the Ohio and United States Constitutions, though it is now addressed in Ohio state statute. *State v. Carpenter*, 4th Dist. Meigs No. 16CA11, 2017-Ohio-9038, ¶ 25. One of these statutes, R.C. 2929.19(B)(2)(g)(i), provides:

> [I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * *:
>
> * * *
>
> Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term * * *.

Thus, under R.C. 2929.19(B)(2)(g)(i), trial courts have a duty to calculate jail-time credit at the time of sentencing. *State v. Baker*, 8th Dist. Cuyahoga No. 102232, 2015-Ohio-3232, ¶ 14.

**{¶14}** Here, in the trial court's August 10, 2022 judgment entry, Locker was awarded 141 days of jail-time credit. (Doc. No. 44). Locker contends the trial court erred by not calculating those 141 days on the record at the revocation hearing. However, at the revocation hearing, Locker did not raise any argument regarding jail-time credit. Nor did he request a hearing under R.C. 2929.19(B)(2)(g)(ii), which provides that in calculating the number of days of jail-time credit, if any, to which the defendant is entitled, "the court shall consider the arguments of the parties and conduct a hearing if one is requested." As a result, Locker has forfeited all but plain error. *Carpenter* at ¶ 32; *State v. Gordon*, 9th Dist. Summit No. 28331, 2017-Ohio-7147, ¶ 38.

**{¶15}** We fail to see how Locker was prejudiced by the trial court's failure to calculate jail-time credit at the revocation hearing. The trial court's judgment entry states that Locker is entitled to jail-time credit. Moreover, Locker is not necessarily foreclosed from making an argument at a later date that the trial court miscalculated the number of days of jail-time credit to which he is entitled. Specifically, R.C. 2929.19(B)(2)(g)(iii) provides:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under [R.C. 2929.19(B)(2)(g)(i)]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under [R.C. 2929.19(B)(2)(g)(i)], and the court may in its discretion grant or deny that motion.

Thus, under these circumstances, we do not find the trial court committed plain error by not calculating Locker's jail-time credit on the record. *See Carpenter* at ¶ 32; *State v. Depinet*, 3d Dist. Shelby Nos. 17-21-06 and 17-21-14, 2022-Ohio-2453, ¶ 18; *State v. Foust*, 3d Dist. Crawford No. 3-21-27, 2022-Ohio-3187, ¶ 12.

**{¶16}** Locker's first assignment of error is overruled.

*Imposition of Prison Sentence*

**{¶17}** In his second assignment of error, Locker argues that the trial court erred by reimposing the entire original sentence.

**{¶18}** R.C. 2929.20, which governs judicial release, provides in pertinent part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender * * *, shall place the offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction.

R.C. 2929.20(K). Accordingly, an offender, like Locker, who has been granted judicial release """"has already served a period of incarceration, and *the remainder of that prison sentence is suspended* pending either the successful completion of a period of community control or the [offender's] violation of a community control sanction."""" (Emphasis sic.) *Foust*, 2022-Ohio-3187, at ¶ 9, quoting *State v. Davis*, 3d Dist. Defiance No. 4-21-03, 2021-Ohio-3790, ¶ 5, quoting *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-1485, ¶ 7. "While out on judicial release, if 'an offender violates his community control requirements, the trial court may reimpose the original prison sentence and require the offender to serve the balance remaining on the original term.'" *State v. Phipps*, 3d Dist. Crawford No. 3-20-07, 2021-Ohio-258, ¶ 22, quoting *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4703, ¶ 8.

{¶19} However, at the August 10, 2022 hearing revoking Locker's judicial release, the trial court stated it was going to "reimpose the 36 month prison sentence in this case." (Aug. 10, 2022 Tr. at 16-17). Additionally, the attendant judgment entry states that the trial court "sentences [Locker] to 36 months in prison on Count 3, with jail time credit * * *." (Doc. No. 44). Accordingly, the record indicates the

trial court imposed the entire 36-month prison term rather than the balance of the prison term as required by R.C. 2929.20(K).

{¶20} As this court recently held in *State v. Foust*, "it is our view that requiring the trial court to reimpose only the balance of the previously imposed prison sentence, as opposed to reimposing the entire original sentence and then purporting to deduct credit for both prior 'prison time' served as well as prior 'jail time' served * * * is more consistent with the language of R.C. 2929.20(K)." *Foust* at ¶ 11. Additionally, requiring the trial court to reimpose only the remaining prison term is more consistent with the trial court's March 28, 2022 judgment entry granting Locker judicial release.

{¶21} Accordingly, Locker's second assignment of error is sustained.

*Conclusion*

{¶22} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the Crawford County Court of Common Pleas. We remand this cause to the trial court for further proceedings consistent with this opinion.

***Judgment Reversed and***
***Cause Remanded***

**WILLAMOWSKI and WALDICK, J.J., concur.**

**/jlr**