[Cite as *State v. Williams*, 2025-Ohio-1411.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

DAVID J. WILLIAMS,

    DEFENDANT-APPELLANT.

CASE NO. 8-24-44

OPINION AND
JUDGMENT ENTRY

Appeal from Logan County Common Pleas Court
General Division
Trial Court No. CR 22 10 0250

**Judgment Affirmed**

**Date of Decision: April 21, 2025**

**APPEARANCES:**

    *David J. Williams*, Appellant

    *Eric C. Stewart* for Appellee

**WALDICK, P.J.**

**{¶1}** Defendant-appellant, David Williams ("Williams"), brings this appeal from the September 12, 2024 judgment of the Logan County Common Pleas Court. On appeal, Williams argues that the trial court erred by denying his motion for additional jail-time credit. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

**{¶2}** On October 11, 2022, Williams was indicted in trial court case CR22-10-0250 for the following seven charges: OVI in violation of R.C. 4511.19(A)(2), a fourth degree felony due to Williams having three prior OVI violations within ten years of the offense (Count One); two counts of Resisting Arrest in violation of R.C. 2921.33(A), both second degree misdemeanors (Counts Two and Five); three counts of Assault on a Peace Officer in violation of R.C. 2903.13(A)/(C)(5), all fourth degree felonies (Counts Three, Six, and Seven) and Intimidation in violation of R.C. 2921.03(A), a third degree felony (Count Four). Williams originally pled not guilty to the charges.

**{¶3}** On August 17, 2023, Williams entered into a negotiated plea agreement to resolve the charges in the indictment in this case and the charges in a separate

trial court case—CR23-01-0020.[1] Pursuant to the negotiated agreement, Williams agreed to plead guilty to Intimidation and one count of Assault on a Peace Officer as charged in Counts 4 and 6 of the indictment in trial court case CR22-10-0250. In addition, Williams agreed to plead guilty to an amended charge of Obstructing Official Business from the CR23-01-0020 case. In exchange for his pleas, the State agreed to dismiss the remaining charges in *both* indictments, and to recommend an aggregate two-year prison term.

{¶4} A Crim.R. 11 hearing was held wherein the trial court determined that Williams was entering knowing, intelligent, and voluntary guilty pleas. Williams' pleas were accepted, and he was found guilty of the charges consistent with the plea agreement.

{¶5} The matter proceeded immediately to sentencing. At sentencing, the parties agreed that Williams had a total of 128 days of jail-time credit. The trial court sentenced Williams to serve 64 days in jail in the CR23-01-0020 case. Williams was given credit for time served and that case was closed. Williams was sentenced to serve 24 months in prison on the Intimidation charge and a concurrent 18 months in prison on the Assault on a Peace Officer charge. The remaining 64 days of jail-time credit was applied to trial court case CR22-10-0250. A judgment entry memorializing Williams's sentence was filed August 17, 2023.

---

[1] We do not have the case file from trial court case CR23-01-0020 because no appeal was taken in that case.

{**¶6**} Williams did not file a direct appeal.

{**¶7**} Nearly a year after he was sentenced, on August 6, 2024, Williams filed a pro se motion for jail-time credit. In his motion, he argued that he received 68 days of jail-time credit in case CR22-10-250[2], but he was actually entitled to 102 days. He attached an affidavit to his motion along with "booking printouts" of dates he was arrested and confined in Logan County in late 2022 through 2023.

{**¶8**} On September 12, 2024, the trial court filed a judgment entry denying Williams's motion. The trial court determined that Williams failed to provide any evidence establishing his claim to additional jail-time credit that was not already considered at sentencing. It is from this judgment that Williams appeals, asserting the following assignment of error for our review.

### Assignment of Error

**The Trial Court Abused its Discretion by depriving appellant of his** [sic] **Fourteenth Amendment of the United States Constitution, and Art. 1, Sec. 16 Right to Equal Protection of the law when it refused to correct its erroneous jail time calculation and properly apply all the pre-sentence detainment credit to his sentences, as a matter of law.**

{**¶9**} In his assignment of error, Williams argues that he was entitled to at least 34 days of additional jail-time credit.

---

[2] The additional 4 days of credit were for days Williams remained in custody while awaiting transportation to prison.

*Legal Standard*

**{¶10}** Trial courts have a duty to calculate jail-time credit at the time of sentencing; however, the trial court retains jurisdiction to correct errors not previously raised at sentencing. *State v. Depinet*, 2022-Ohio-2453, ¶ 16 (3d Dist.). Revised Code 2929.19(B)(2)(g) codifies a trial court's ability to retain jurisdiction to correct any error not previously raised at sentencing. It reads, in pertinent part:

> (iii) The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay.

*Analysis*

**{¶11}** At sentencing, both parties agreed regarding the amount of jail-time credit to be distributed. As it is Williams's burden to show an error in the calculation of jail-time credit, his agreement at the sentencing hearing alone defeats his argument. *State v. Britton*, 2013-Ohio-1008, ¶ 16 (3d Dist.); *State v. Myers*, 2019-Ohio-4592, ¶ 16 (10th Dist.).

**{¶12}** Nevertheless, even though it lacks merit, we will review his argument. Williams argued in his 2024 motion that he was entitled to 34 more days of credit. He attached "booking printouts" from the Logan County Jail to his motion in an

attempt to prove he was entitled to more credit. After reviewing Williams's "documentation," we find that Williams lacks proof to establish that he was not given proper credit. The "booking printouts" do not establish that Williams was incarcerated specifically for the offenses in trial court case CR22-10-250. In fact, multiple printouts list "offenses" such as "contempt of court" and there are other listed offenses from Bellefontaine Municipal Court. Williams thus has not established that he received improper jail-time credit. Accordingly, Williams's assignment of error is overruled.

*Conclusion*

{¶13} Having found no error prejudicial to Williams in the particulars assigned and argued, his assignment of error is overruled and the judgment of the Logan County Common Pleas Court is affirmed.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Juergen A. Waldick, Judge

Mark C. Miller, Judge

John R. Willamowski, Judge

DATED:
/jlm